QUITMAN McDOUGALD v. LEE M. COUEY

9 So. (2nd) 187                                    En Banc
March 24, 1942        Rehearing Denied April 8, 1942

Maguire, Voorhis & Wells, and Baxter & Clayton, for appellant.

Fielding & Duncan, for appellee.

THOMAS, J.:

Many questions are presented for determination in this appeal but from a perusal of the record and the briefs it seems necessary to decide only two of them. This may be done by examining Section 4372, C.G.L., 1927, and analyzing the testimony of the plaintiff, defendant in error here, relevant to the issue formed by the declaration and one of the pleas.

Plaintiff, who was injured in an automobile accident in which the driver to whom the car had been entrusted was killed, brought suit against the owner of the car and was awarded a verdict. The declaration

charged ordinary negligence and contained the allegation that the plaintiff "had paid for transportation in and was riding as a passenger" in the vehicle. Of the pleas forming issues on which the case was tried one denied this averment that plaintiff was carried for hire. Thus, the question is obviously presented whether the plaintiff was a passenger who had paid for his passage. If this was not his status he could not succeed in his effort to recover because, under the statute (Chapter 18033, Laws of Florida, Acts of 1937), it is incumbent upon one who rides without charge to allege and prove gross negligence. On the contrary, if the evidence proved the degree of negligence charged in the declaration he could recover if he established the averment that he was traveling in the defendant's car as a passenger for compensation.

When the plaintiff took the witness stand he was asked if he paid for his transportation from High Springs to Gainesville and return and an objection was interposed on the ground that the expected answer would be inadmissible under Section 4372, supra, for the reason that it would relate to a transaction with a dead person (the driver). This statute has often been discussed by this Court in its application to various kinds of actions but, so far as we are advised, no attempt had been made to invoke it in a case like this. It is apparent, however, from an examination of the history of this act, which removes much of the restriction placed by the common law upon the testimony of interested witnesses, that it is inapplicable in the present case. Under the proviso one who will benefit from a controversy may not testify about transactions with deceased persons in a suit *against* certain representatives which are detailed in the act.

The plaintiff in error insists that it applies to the defendant in this case because he may be categorized a "survivor." It is plain from a study of the entire statute that the exception in it was designed to protect the interests of persons deceased or incompetent, Jones on Evidence (1938), Volume 3, Section 773, and that it is only appropriate to suits against parties in their representative capacities, Harris v. The Bank of Jacksonville, et al., 22 Fla. 501. Even cursory examination of the pleadings in this case discloses that the suit is not one in which the estate of a deceased person is involved and that the defendant is not a party in any representative capacity. The claim, if any, exists against him individually for damages caused by the improper operation of an automobile by one in whose custody he had placed it. So we conclude that the objection to the testimony was properly overruled by the trial judge.

We proceed to an analysis of the testimony to determine whether or not the plaintiff met the burden placed upon him when the defendant denied the part of the declaration stating that money was paid to the driver of the car as a consideration for transportation.

To fix his status at the exact time of the injury we will give succinctly the plaintiff's version of the transaction. In reply to a question the plaintiff stated that he "bought him [the driver] fifty cents worth of gasoline." He was then asked if he "paid him [the driver] for fifty cents worth of gasoline to take you [witness] to Gainesville and take you back to High Springs?" This was answered in the affirmative.

The plaintiff and the deceased had been acquaintances for thirty-five or forty years. On the day of the accident the plaintiff for no particular purpose, went

to the filling station which was operated by his friend and there learned that the latter was preparing to drive defendant's automobile to a nearby town on an errand. He decided to accompany the friend because he had "a wee bit of business over there" himself and this was entirely agreeable. According to his testimony, he then told his friend that he would "put in fifty cents worth of gas" although he "didn't have it to do . . . ." When they reached their destination the driver performed his errand and in doing so it was necessary, to suit his convenience, that they return immediately, so it became impossible for the plaintiff to transact his own business. This was of such small consequence that he not only did not insist that they remain for the purpose but at the time of the trial he could not remember its nature. The total journey anticipated was approximately forty miles and it was on the return trip that the driver lost control of the car resulting in his death and the plaintiff's injury.

This is the state of facts on which the plaintiff relied to establish a state of employment and to relieve him of the necessity to show more than ordinary negligence. In our opinion there was failure on his part to substantiate the quoted allegation.

The factual situation described by the plaintiff, without reference to testimony introduced by the defendant, is one which is likely to develop on innumerable occasions in a country where automobiles are universally used by persons in all walks of life. It is evident to us that when the plaintiff contributed a small sum toward the cost of gasoline which would be consumed in operating the car a distance of approximately forty miles it was but the gesture

of a person who did not wish to impose upon his companion's generosity, for, to use the language of the plaintiff, he "did not bum anybody."

The arrangement had none of the elements of a contractual relationship (Bushouse v. Brom, 297 Mich. 616, 298 N. W. 303) or of employment. There was no bargaining or proposal definitely made and accepted for the furnishing of transportation for a price. There is not even a semblance of any responsibility on the part of the plaintiff to pay for the journey or on the part of his companion to perform the service. On the contrary, a fair interpretation of the evidence is that the plaintiff was welcomed by the driver and that the matter of donating a small amount of money to defray the cost of the venture was merely an after-thought. CF. Kerstetter v. Elfman, 327 Pa. 17, 192 A. 663.

A man may not become a paying passenger, as distinguished from a guest, when he embarks upon an excursion such as reflected in this record and merely makes a contribution to the expenses of operating the vehicle, in which both of them are riding. In those circumstances he is a guest and if during the undertaking he is injured he may not recover unless he establishes gross negligence under the guest statute, supra.

The judgment was erroneously entered and it is reversed. The cause is remanded for a new trial.

BROWN C. J., WHITFIELD, TERRELL, and BUFORD, JJ., concur.

ADAMS, J., concurs specially.

CHAPMAN, J., dissents.

ADAMS, J., concurring specially:

According to my interpretation of Chapter 18033 Acts of 1937 commonly known as the guest statute,

both the title and body of the act relate to liability of the owner or operator. This plaintiff was not in privity with defendant (owner). .Plaintiff was a guest or paid passenger, as the evidence might disclose, of the operator. Since he made no claim of payment to defendant he was required to make a case by alleging and proving more than simple negligence to recover.

CHAPMAN, J., dissenting:

I have concluded that the judgment in the case at bar should be reversed for a new trial. The question of whether or not the late Mr. Couey was a passenger in the car at the time of receiving the alleged injuries is a question of fact to be decided by a jury under appropriate instructions by the trial court. The issues presented are fundamental rights vouchsafed by the State and Federal Constitutions and courts are powerless to invade these rights. I do not feel justified in holding, as a matter of law, that the payment of the fifty cents did not establish the relationship of carrier and passenger. For this reason I am unable to concur in the opinion prepared by Mr. Justice Thomas.