Action by Francisca Mena Yokom against M.F. Rodriguez. From a judgment for the defendant, plaintiff appeals.
Reversed and remanded with directions.
This appeal brings before us the question whether the Circuit Judge erred in sustaining the demurrer to the declaration filed by the appellant (plaintiff below) against the appellee (defendant below) and entering final judgment thereon after denying to appellant the privilege of amendment. The Circuit Judge stated: "It appears that the actions mentioned and things done in the amended declaration constituted a joint enterprise whereby the plaintiff is not entitled to recover for alleged negligence of the defendant, and the amended declaration not being subject to amendment the plaintiff shall take nothing by his action".
The appellant's position appears to be that the Circuit Judge erred in holding that her declaration disclosed all the elements of a joint enterprise — hence any negligence on the part of the appellee would be imputed to the appellant who was a passenger — and in deciding that because of this relationship the declaration was not subject to amendment. She further insists that the Lower court should have permitted her to amend because she could have alleged by amendment sufficient facts to make a case under the so-called "Guest Statute", Section 320.59, Florida Statutes 1941, F.S.A.
The declaration did not allege facts which show that the appellant and appellee had entered into a joint enterprise; if indeed the existence of such a relationship (under the facts of this case wherein no third party — a person not a party to the alleged enterprise — is involved) would necessarily have caused the negligence of the appellee to have been imputed to the appellant as a matter of law and thus have barred recovery. See 5 Am.Jur. 788, Automobiles, Sec. 502; Bushnell v. Bushnell, 103 Conn. 583,131 A. 432, 44 A.L.R. 785; Harber v. Graham,105 N.J.L. 213, 143 A. 340, 61 A.L.R. 1232; Perry v. Ryback, 302 Pa. 559, 153 A. 770; O'Brien v. Woldson, 149 Wn. 192, 270 P. 304, 62 A.L.R. 436. It is unnecessary for us to decide, and we do not decide the question of whether the negligence of one of the parties to a joint enterprise, of the character of the alleged joint undertaking in the instant suit, is imputable to the other party or parties to said enterprise so as to operate as a bar to an action for damages *Page 448 
because we hold that the allegations of the declaration here under consideration do not establish a joint enterprise but do constitute the appellant a guest within the meaning and intent of Section 320.59, Florida Statutes 1941, F.S.A.
There are three essential elements of a joint enterprise: (1) There must be an agreement, express or implied, to enter into an undertaking. (2) In such undertaking there must be community of interests in the objects and purposes to be accomplished. (3) The parties to such an enterprise must, in pursuance of it, have equal authority. Coral Gables Securities Corporation v. Miami Corporation, 123 Fla. 172, 166 So. 555.
All that the declaration under consideration shows is an undertaking on the part of appellee to transport appellant to Punta Gorda, Florida. The allegations fail to show that there was community of interests in the objects and purposes of the alleged enterprise and equal authority in pursuance of it. So far as the declaration discloses the appellee had no object or purpose in making the trip to Punta Gorda other than to transport the appellant to said city at her request. The appellant's proposal to pay the expenses of the operation of the automobile did not — nor did appellee's consent thereto — confer upon her equal authority in the matter of operation of the motor vehicle. "It is not sufficient that the passenger indicates the route or that both parties have certain plans in common, such as a `joy ride'; the community of interest must be such that the passenger is entitled to be heard in the control and management of the vehicle — such as practically to amount to joint or common possession thereof. Nor does the fact that the guest agreed to pay the expenses of a trip necessarily establish a joint enterprise." 5 Am.Jur. 787, Automobiles, Sec. 501. It may be from the viewpoint of a layman the agreement or undertaking set forth in the declaration partook of the nature of a joint enterprise or adventure in that it may have been, loosely speaking, a cooperative agreement, but in a legal sense it was not such a project.
The declaration discloses facts which constitute the appellant a guest within the meaning of the statute above mentioned. The appellant, a woman, importuned appellee, a male acquaintance, to take her in his automobile to Punta Gorda, Florida, and at the same time offered to pay for the gasoline, oil and other expenses of the operation of the motor vehicle. The appellee acceded to her request. He did not receive any money which could be considered as a profit to him for transporting the appellant to her destination. She agreed to pay only the expenses attendant upon the operation of appellee's automobile. Even in this modern age of equality between the sexes chivalry is not dead and surely courtesy is not merely a relic of by-gone days. The transportation of the appellant by the appellee was simply an act of graciousness. Under such circumstances the appellant was not a paying passenger but was in the category of a guest.
The appellant's declaration was defective in that it disclosed, at most, only simple negligence on the part of the appellee. This is not sufficient under Section 320.59, Florida Statutes 1941, F.S.A., which requires a showing of gross negligence or wilful and wanton misconduct on the part of the owner and operator of a motor vehicle before there can be recovery. See McDougald v. Couey, 150 Fla. 748, 9 So.2d 187.
The Circuit Judge was not in error in sustaining the demurrer but he should have allowed the appellant the privilege of amendment because the declaration was subject to amendment if the appellant had desired to amend by alleging gross negligence or wilful and wanton misconduct of the owner-appellee.
The cause is reversed and remanded with directions to the lower court to allow a reasonable time within which the appellant may apply for leave to amend her declaration in compliance with our views herein expressed and that if she fails to do so the judgment shall stand affirmed.
Reversed and remanded with directions.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur. *Page 449