PER CURIAM.
This appeal was taken from a final order dismissing the amended complaint of plaintiff, Eva Minnick. The question involved in this appeal is whether the allegations of the amended complaint are sufficient to remove the plaintiff from the status of a guest within the meaning of the Florida guest statute, Fla.Stat. § 320.59 F.S.A.
.(
The essence of the amended complaint was that the plaintiff learned that the defendant was making a pleasure trip from Tampa, Florida, to Chicago, Illinois, and that the defendant agreed to take the plaintiff to Terre Haute, Indiana “in consideration of Plaintiff paying Defendant for certain expenses to be incurred on said trip between Tampa, Florida, and Terre Haute, Indiana, Defendant to continue on her journey to Chicago * * *
The facts alleged clearly fail to show joint enterprise or commercial transportation, thus leaving the plaintiff a remedy, if any, under the guest statute, to which she declined to resort by amendment. See Coral Gables Securities Corporation v. Miami Corporation, 1936, 123 Fla. 172, 166 So. 555; Yokom v. Rodriguez, Fla.1949, 41 So.2d 446, 448. The fact that a guest agrees to pay a share of the expenses of a trip does not necessarily establish a joint enterprise nor that he was a paying passenger. Mere contributions to the expense of an automobile trip ordinarily are not construed as compensation or payment for transportation but are usually treated as mere acts of courtesy. See Yokom v. Rodriguez, supra; McDougald v. Couey, 1942, 150 Fla. 748, 9 So.2d 187.
Affirmed.
SHANNON, C. J., and ALLEN and WHITE, JJ., concur.