HENDRY, Judge.
This is an appeal from a judgment of nonsuit and order taxing costs. At the conclusion of all the evidence, the defendant-appellee moved for a directed verdict. Plaintiffs orally moved for nonsuit after the court announced an intention to direct a verdict for the defendant. After the court granted the motion for nonsuit, the plaintiffs reduced their motion to writing and asked the court that an involuntary nonsuit be granted. The court granted such motion and entered the order appealed.
The facts are relatively simple. The plaintiff, Lillian Harston, was injured in an automobile accident while riding to work in a car driven by the defendant, Evelyn Piggott. The plaintiff, Lillian Harston, had been invited to ride along in the defendant’s car some weeks earlier by a Mrs. Reichenbach whom she had previously met while waiting for the bus on working mornings. Apparently, Mrs. Reichenbach, who occasionally rode with the defendant, suggested that they pick up the plaintiff, Lillian Harston. For almost every working day thereafter (prior to the accident) the defendant picked up the plaintiff, Lillian Harston. In response to Mrs. Reichenbach’s suggestion, the plaintiff paid thirty-five cents (the normal bus fare) to help defray the expenses of the trip and parking the car. The record reveals that the plaintiff either gave the money to Mrs. Reichenbach or put it into the defendant’s purse on most occasions. The record is void of any showing that this money was ever demanded by the defendant or made a condition to the invitation to ride in the defendant’s car. *361 After this arrangement had continued for several weeks the accident in question occurred and suit was filed by the plaintiff, Lillian Harston. The complaint sought damages for injuries sustained by reason of the ordinary negligence of the defendant. William Harston, the husband of the injured plaintiff, joined in the suit and asserted a derivative claim against the defendant.
The only question raised on this appeal is whether the trial court was correct in announcing an intention to direct a verdict in favor of defendant because plaintiff was a guest passenger. It is plaintiff s-appellants’ position that the Florida Guest Statute, § 320.59, Fla.Stat., F.S.A.,[1] is not applicable herein because the plaintiff, Lillian Harston was not a “guest” within the meaning of the Florida Guest Statute and therefore the single count alleging ordinary negligence was sufficient to present a triable issue for the jury.
After careful review we find that the lower court was not in error and that the plaintiffs were not entitled to recover absent an allegation and showing of gross negligence.
The Supreme Court of Florida in Mc-Dougald v. Couey, 150 Fla. 748, 9 So.2d 187 set forth the rule which we find determinative of the instant question. The court stated at page 189 of 9 So.2d:
“The factual situation described by the plaintiff, without reference to testimony introduced by the defendant, is one which is likely to develop on innumerable occasions in a country where automobiles are universally used by persons in all walks of life. It is evident to us that when the plaintiff contributed a small sum toward the cost of gasoline which would be consumed in operating the car a distance of approximately forty miles it was but the gesture of a person who did not wish to impose upon his companion’s generosity, for, to use the language of the plaintiff, he ‘did not bum anybody.’
“The arrangement had none of the elements of a contractual relationship (Bushouse v. Brom, 297 Mich. 616, 298 N.W. 303) or of employment. There was no bargaining or proposal definitely made and accepted for the furnishing of transportation for a price. There is not even a semblance of any responsibility on the part of the plaintiff to pay for the journey or on the part of his companion to perform the service. * * * ”
“A man may not become a paying passenger, as distinguished from a guest, when he embarks upon an excursion such as reflected in this record and merely makes a contribution to the expenses of operating the vehicle, in which both of them are riding. In those circumstances he is a guest and if during the undertaking he is injured he may not recover unless he establishes gross negligence under the guest statute, supra.”
See also Yokom v. Rodriquez, Fla.1949, 41 So.2d 446.
*362 It follows, therefore that the trial court was correct in announcing its intention to direct a verdict in favor of the defendant since the plaintiff, Lillian Harston, was a “guest” within the meaning of the Florida Guest Statute.
Affirmed.

. The Florida Guest Statute provides: “Liability to guest of passenger
“No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such eases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or-places of learning in this state.”