SWANN, Judge.
William C. Gibson and his wife, Myrtle E. Gibson, plaintiffs below, appeal a final judgment entered pursuant to a jury verdict in favor of the defendant, D. D. Hage-man, in a personal injury case.
Prior to trial a partial summary judgment was entered finding that at the time of the accident, the plaintiff wife was a guest passenger in the automobile owned and operated by the defendant within the purview of Section 320.59, Florida Statutes, F.S.A., and that the trial would proceed, with the plaintiffs having the burden of proving that the defendant was guilty of gross negligence. The case went to trial on the question of gross negligence and the jury found for the defendant.
The facts generally are these. The plaintiff wife advertised in the local newspaper to rent a room in her home. In response to the advertisement, the defendant, after some discussion, agreed to rent the room. The plaintiff wife did not have an extra key to give to the defendant. Since the plaintiff husband was confined to a hospital and the wife could not drive, the defendant offered to take her to a near-by shopping center so that an extra key could be made. The defendant while driving on a private road in the shopping center, failed to stop at a stop sign, thereby causing an accident. As a result, the plaintiff wife, who was sitting in the front seat of the automobile, suffered personal injuries.
The plaintiffs contend that the wife was not a guest passenger under the factual situation here because this was a continuing business transaction involving the rental of the room and that the trip to the shopping center was for the mutual benefit of the passenger and the driver.
The defendant contends that the plaintiff wife was a guest passenger because his action in offering to drive her to the shopping center was merely a “courteous-gesture” of a gentleman to a lady in need, and that he had already rented the room so that this was not a continuing business-transaction. The defendant also contends, that the plaintiff wife wanted the extra key for her personal use and not for his.
Under these conflicting facts we find that the question of whether the plaintiff wife was actually a “guest passenger” was for the jury, and should not have been decided by a summary final judgment on this issue. Sproule v. Nelson, Fla.1955, 81 So.2d 478, 76 A.L.R.2d 1066; Bramble v. Garris, Fla.App.1962, 144 So.2d 324.
We need not discuss other contentions made by the plaintiffs because of our reversal on this point.
The cause is therefore
Reversed and remanded.