NANCE, L. CLAYTON, Associate Judge.
This is an appeal from a directed verdict entered in favor of the defendant at the conclusion of the plaintiff’s case.
The facts generally are these. The plaintiff was injured in an automobile accident at which time plaintiff was a passenger in an automobile owned and operated by the defendant. Both parties reside in West Palm Beach, Florida, and commute to Belle Glade to work. The plaintiff was obligated to contribute $1.00 per day, or $7.00 per week, in order to ride in the defendant’s automobile. There was another passenger in the automobile, Mr. Rodriguez, who would have been, but for the accident, paying for his transportation in a fashion and amount similar to the plaintiff. The accident occurred in the morning on the return trip to West Palm Beach. The defendant had become nauseated by gasoline fumes from his car. The defendant, testifying as an adverse witness, related that he had been feeling the fumes on another occasion. The defendant further testified that, when he felt himself become nauseated, he slowed down to about 35 m. p. h. and attempted to stick his head out of the window, however, forgot that the window was-closed and struck his face against the glass, breaking his eye glasses, causing him to-lose control of his car and go over the center line into the oncoming lane of traffic where his car collided with an automobile driven by one Frederick Brown, who is not involved on this appeal.
Plaintiff filed his amended complaint against the defendant to recover damages for personal injuries sustained. Defendant answered denying negligence and asserting the affirmative defenses of contributory negligence and joint venture whereby plaintiff’s negligence was imputed to the defendant.
The trial court entered an order denying appellee’s motion for summary judgment and appellant’s cross motion for summary *62 judgment. At conclusion of the plaintiff’s case, before a jury, the court directed a verdict in favor of the defendant on the grounds that plaintiff had not established gross negligence within the purview of the Guest Statute, F.S.A. § 320.59, and that the evidence failed to establish payment for transportation sufficient to remove the case from the Guest Statute.
A motion for a directed verdict admits for the purposes of the motion, not only the facts shown by the evidence but also every reasonable inference and intendment deducible from the evidence favorable to the party moved against, 32 Fla.Jur., Trial, § 91.
We here hold that there was sufficient evidence to go to the jury on the question of whether a contractual relationship existed between the parties as opposed to whether or not the transportation was for ■the purpose of companionship, pleasure, social amenities, hospitality and the like, ■etc.
The case of Perdue v. Watson, Fla.App.1962, 144 So.2d 840, correctly delineates the law, and that case and the instant case are distinguished from the cases of McDougald v. Couey, 1942, 150 Fla. 748, 9 So.2d 187; Yokom v. Rodriguez, Fla.1949, 41 So.2d 446; Sullivan v. Stock, Fla.App.1957, 98 So.2d 507; and Minnick v. Keene, Fla.App.1962, 139 So.2d 172. See also Gibson v. Hageman, Fla.App.1965, 179 So.2d 894.
We further hold that the question here was not whether or not the jury would have found that the defendant was guilty of gross negligence; the question clearly is whether or not, upon the evidence submitted, the jury could have so found.
There was sufficient evidence to submit the case to the jury on the question of whether the negligence was ordinary or gross. Goodis v. Finkelstein, Fla.App.1965, 174 So.2d 600; Carraway v. Revell Motor Co., Fla.1959, 116 So.2d 16; Bridges v. Speer, Fla.1955, 79 So.2d 679.
Reversed and remanded.
ANDREWS, Acting C, J., and LILES, WOODIE A., Associate Judge, concur.