HOBSON, Judge.
Plaintiff-appellant, Frank Pooton, the surviving spouse of Violet J. Pooton, sued defendant-appellees pursuant to Chapter 768 of the Florida Statutes F.S.A. for the wrongful death of Violet J. Pooton as a result of injuries received in an automobile accident. Plaintiff’s original complaint alleged simple negligence. Subsequent thereto motions for summary judgment were filed on behalf of both parties, plaintiff’s position being that the pleadings and depositions on file showed that as a matter of law there was no genuine issue of a material fact as to the deceased not coming within the confines of the “Florida Guest Statute,” Fla.Stat. 320.59, F.S.A. Defendants’ position was that the pleadings and depositions on file showed that as a matter of law there was no genuine issue of a material fact as to the Guest Statute being applicable to the deceased. After hearing thereon, a summary final judgment was then entered on behalf of the defendants. The essence of this judgment was to hold as a matter of law that the deceased came within the purview of the “Guest Statute” and therefore gross negligence must be alleged and proven. It is that order which is subject to review herein.
*141 The deceased as well as the two defendants were related either by blood or marriage and had been friends for many years. Defendant Berutich had planned to visit with relatives in New York and had purchased a round trip plane fare for this purpose. Subsequently defendant Farrell began to discuss the possibility with the deceased of also visiting with relatives in the north and after considerable discussion between themselves and their husbands the following plan or agreement was concluded:
(a) All three of the ladies were going to New York and vicinity to visit friends and relatives.
(b) Defendant Berutich cancelled her return trip ticket on the airlines and planned to ride back with the deceased and defendant Farrell. It was agreed that defendant Berutich’s car was to be used during the entire trip.
(c) The deceased and defendant Farrell would drive to New York by way of Annapolis, Maryland in defendant Beru-tich’s automobile;
(d) On the trip north to New York the deceased and defendant Farrell would share the expenses of the trip in addition to taking turns in driving the automobile.
(e) When they arrived in New York, defendant Farrell would leave the deceased with her relatives and would retain possession and use of the car and go her own way. Defendant Farrell and the deceased were to stay in touch with each other through mutual friends and relatives and were to get together with defendant Berutich about the date for commencement of the return trip;
(f) All three, the deceased and the two defendants, were to ride back together to Clearwater, Florida in defendant Beru-tich’s automobile and they were to share equally the expenses of the return trip.
On September 9, 1965, the deceased and defendant Farrell left Clearwater, Florida in the defendant Berutich’s automobile around 6:00 A.M. headed for Annapolis, Maryland and then on to New York. Defendant Farrell was driving and had traveled to a point somewhat north of Weeki Wachee Springs when the accident occurred and Mrs. Pooton was killed.
In his first point on appeal appellant contends that where you have an enforceable agreement to share expenses prior to leaving on a trip, then the passenger or passengers should be removed from the status of a “guest” passenger.
Appellant bottoms his contention on the case of McDougald v. Couey, 1942, 150 Fla. 748, 9 So.2d 187, and contends the court held by way of dicta in citing the case of Kerstetter v. Elfman, 327 Pa. 17, 192 A. 663 (1937), that the above delineated plan when viewed in the light of the McDougald and Kerstetter cases, supra, would, remove the deceased from the Guest Statute. We cannot agree with this conclusion. The McDougald case concerned a plaintiff who was a life-long friend of the defendant who had “put in fifty cents worth of gas” in the car when the defendant agreed to let the plaintiff accompany him on a trip to a nearby town.
In full context what the McDougald case actually said was as follows, at page 189 of 9 So.2d:
“The arrangement had none of the elements of a contractual relationship (Bushouse v. Brom, 297 Mich. 616, 298 N.W. 303) or of employment. There was no bargaining or proposal definitely made and accepted for the furnishing of transportation for a price. There is not even a semblance of any responsibility on the part of the plaintiff to pay for the journey or on the part of his companion to perform the service. On the contrary, a fair interpretation of the evidence is that the plaintiff was welcomed by the driver and that the matter of donating a small amount of money to defray the cost of the venture was merely an after *142 thought. CF. Kerstetter v. Elfman, 327 Pa. 17, 192 A. 663.
“A man may not become a paying passenger, as distinguished from a guest, when he embarks upon an excursion such as reflected in this record and merely makes a contribution to the expenses of operating the vehicle, in which both of them are riding. In those circumstances he is a guest and if during the undertaking he is injured he may not recover unless he establishes gross negligence under the guest statute, supra.”
Therefore the McDougald case merely cites the Kerstetter case without any discussion of the particular facts and circumstances which the court considered in arriving at its conclusion.
In the first instance we cannot agree that such an insertion of a case citation with the abbreviation “Cf.” meaning “to compare” can be considered as dicta. See 8 Fla.Jur. Courts, § 168, 14 Am.Jur. § 83 and 21 C.J.S. Courts § 190. Secondly, as stated in 8 Fla.Jur. § 168:
“ * * * Such language, in the eyes of the law, is a gratuitous opinion, which whether right or wrong binds no one, not even the judge that utters it. It is without force as a judicial precedent, because the doctrine of stare decisis applies only to points that are involved and determined in a case in such a way as to be considered of compelling force as precedents in subsequent cases.”
Furthermore, we hold that the Kerstetter case, supra, is distinguishable from the case at bar and not controlling. There a party of men who were neither acquaintances nor friends of defendant engaged in a fishing trip. Prior to leaving they agreed among themselves to pay to the driver-owner of the automobile all the expenses, including the cost of gasoline and oil, for the automobile. It is important to note that the court was particularly mindful of the special relationship existing among the parties involved. The court stated at page 664 of 192 A:
“It may be mentioned incidentally, that plaintiffs were not friends, nor even acquaintances, of defendant; they had never met him before starting on this trip and indeed knew only one other of the members of the party.”
In addition the court went on to say at page 665:
“A distinction must also be carefully made between cases involving an enforceable agreement to share the expenses of an automobile trip and those in which there is merely a voluntary payment of expenses, or part of them, by a rider, not in liquidation of a contractual liability assumed by him, but to return the favors of a host as a matter of social amenity and companionship, as, for illustration, by paying for a meal, buying gas, or helping to provide food or cigars.”
While appellant forcefully and skillfully contends that the facts and circumstances in the case sub judice bring the deceased within the status of the plaintiff in the Kerstetter case, we find several distinctions. It has not been shown that the above agreement contains any element of enforceability. Secondly, the participants in the case at bar were not only life-long friends but also related by either blood or marriage. Also, as noted above, we do not consider the mere citation of a case without more as having the status of obiter dicta and certainly not that of judicial precedent. Finally, we are unable to find any subsequent Florida decisions that reach the conclusion which appellant sets forth. The instant case is clearly distinguishable from the cases of Gibson v. Hageman, Fla.App.1965, 179 So.2d 894 and Casas v. Moya, Fla.App. 1966, 193 So.2d 60.
We feel the subsequent Supreme Court case of Yokom v. Rodriguez, Fla.1949, 41 So.2d 446, more clearly sets out the correct test involved. In the Yokom case the court held that a woman passenger who impor *143 tuned a male acquaintance to take her in his automobile to Punta Gorda, Florida, was not a paying passenger, but a guest passenger, even though she had agreed prior to making the trip to pay for the gasoline, oil and other expenses of the operation of his automobile.
In explaining its holding the court stated in part at page 448:
“He did not receive any money which could be considered as a profit to him for transporting the appellant to her destination. She agreed to pay only the expenses attendant upon the operation of appellee’s automobile. Even in this modern age of equality between the sexes chivalry is not dead and surely courtesy is not merely a relic of by-gone days. The transportation of the appellant by the appellee was simply an act of graciousness. Under such circumstances the appellant was not a paying passenger but was in the category of a guest.”
While reaching a different conclusion, this same type of reasoning is found in the more recent case of Perdue v. Watson, Fla.App.1962, 144 So.2d 840. In the Perdue case, the plaintiff, who was a total stranger to the defendant, offered to pay the defendant $10 to take him from the Tampa International Airport to Sarasota, Florida. While defendant denied receiving $10, he did admit that he received $5. The court’s opinion emphasized that the purpose of a journey and the relationship of the parties are two factors which should be given weight in determining whether under the specific fact circumstances the party in question is a guest or a paying passenger. The court stated in part at page 841:
“The Plaintiff’s testimony was sufficient for the jury to find that from its inception, the agreement between these parties was a contractual relationship for transportation of the plaintiff, by the defendant, on a definite proposal made and accepted for the furnishing of this transportation for a price. Those facts distinguish this case from the cases of McDougald v. Couey, 1942, 150 Fla. 748, 9 So.2d 187, and Yokom v. Rodriguez, Fla. 1949, 41 So.2d 446. This journey was not for the purposes of companionship, pleasure, social amenities, hospitality, and the like, as in Sullivan v. Stock, Fla.App. 1957, 98 So.2d 507, and it was not a share expense trip as in Minnick v. Keene, Fla. App. 1962, 139 So.2d 172. The parties here were total strangers.” (emphasis supplied)
Appellant also places considerable emphasis on the fact that each of the parties prior to leaving had agreed to share the expenses as well as the driving responsibility. But this court in a per curiam opinion in the case of Minnick v. Keene, Fla. App.1962, 139 So.2d 172, at 172 stated in part:
“Mere contributions to the expense of an automobile trip ordinarily are not construed as compensation or payment for transportation but are usually treated as mere acts of courtesy. See Yokom v. Rodriguez, supra; McDougald v. Couey, 1942, 150 Fla. 748, 9 So.2d 187.”
Therefore when the facts and all reasonable inferences therefrom are weighed in favor of the appellant in the case sub judice in light of the prior guidelines set forth above, we cannot see how his contention will withstand the test. The underlying purpose of this undertaking by persons, who were long time friends related by either blood or marriage, was not one of financial contribution or mutual profit based upon a definite and certain contractual relationship. The essence of this undertaking is bottomed upon companionship and social amenities, with a mere oral agreement among long time friends and relatives to share equally in the expenses and obligations to be incurred on the trip. The facts and all reasonable inferences therefrom in favor of the appellant bring the deceased squarely within the confines of *144 the “Guest Statute” and-the court below was correct in so holding.
The other points raised by the appellant have been carefully considered and are found to be without merit.
Affirmed.
LILES, Acting C. J., and SMITH, HAROLD S., Associate Judge, concur.