PER CURIAM.
Defendant seeks reversal of a final judgment in favor of plaintiff for damages resulting from injuries arising out of the negligent operation of defendant’s motor vehicle. The sole question presented for decision challenges the trial court’s rulings which withdrew from the jury’s consideration the defense which alleged that plaintiff was a guest passenger in defendant’s vehicle whose injuries were not caused by the gross negligence or willful and wanton misconduct of defendant or the operator of his vehicle, and which granted plaintiff’s motion for a directed verdict on the issue of gross negligence made at the close of the evidence.[1]
Briefly stated, it is appellant’s position that the evidence, and reasonable inferences which may be drawn therefrom, raised jury questions as to whether plaintiff was a guest passenger riding in defendant’s vehicle at the time of his injury, and if so, whether the vehicle was being operated in a grossly negligent or willful and wanton manner which proximately caused plaintiff’s injuries. If appellant’s contention is correct, it would follow that the court erred in striking his defenses and withdrawing from the jury the issue of gross negligence.[2]
We have carefully reviewed the testimony adduced at the trial and agree with the trial court that it is susceptible of the single conclusion that at the time of his injuries plaintiff was riding as a fare-paying passenger in the vehicle owned by appellant and operated with his knowledge and consent. The jury could not reasonably have found from the evidence that plaintiff’s presence in defendant’s vehicle was in pursuance of an agreement by which plaintiff was sharing the expenses of a trip in which he, defendant, and other passengers were jointly engaged for their mutual pleasure, advantage, and companionship. It is our conclusion that the evidence was insufficient to raise a jury question on the issue of whether plaintiff was a guest passenger at the time he received his injuries on which his cause of action is based.[3] The judgment appealed is accordingly affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., and SPECTOR, JJ., concur.

.4 Blashfield Encyclopedia of Automobile Law and Practice 305, Permanent Edition, § 2292.

. § 320.59, Florida Statutes, F.S.A.

. Pooton v. Berutich (Fla.App.1967), 199 So.2d 139.