OWEN, Judge.
Plaintiff, Joyce Parsons, sustained injuries when the automobile in which she was riding as a passenger overturned through the negligence of the driver, defendant Marie Reyes. In the ensuing suit, in which Mr. Parsons joined for his derivative claim, plaintiffs alleged simple negligence only and sought to avoid the effect of the guest passenger statute [1] by alleging a sharing of the expenses of the trip and that the trip was taken for business purposes in that the plaintiff, a beautician, was employed by the defendant, also a beautician, and that the accident occurred while returning from a beautician’s convention.
The jury trial resulted in a verdict for the plaintiffs. From the judgment entered on the verdict defendant appeals and asserts that the court erred in denying her motion for a directed verdict. We agree and reverse the judgment.
The sole issue is whether the status of Joyce Parsons (within the meaning of the guest passenger statute) was a matter of law for the court or was a factual issue for the jury.
Evidence which is susceptible of reasonable contrary inferences, one view of which is legally sufficient to support the plaintiff’s case and another view of which is legally sufficient to support the defendant’s case, should be submitted to the jury for determination.[2] But the legal sufficiency of the evidence to support an issue is always a question of law for the court.[3]
The guest passenger statute has been the subject of numerous decisions as a consequence of which the courts have announced certain minimum standards that the passenger must meet in order to be removed from the scope of the statute.[4] When the evidence, viewed most favorably to the plaintiff passenger establishes circumstances which fail to meet these minimum standards, then as a matter of law the evidence is legally insufficient to remove the plaintiff passenger from the guest passenger statute and where, as here, plaintiff seeks to recover on simple negligence only, the court has a duty to direct a verdict for the defendant.[5]
*45 The plaintiff wife worked as a hairdresser at the Hollywood Mall Shop. She was paid no salary hut received a 50% commission on the work she did. The shop was owned by Altaire Corporation, a “family corporation”, 49% of its stock being held by the defendant and the remainder by defendant’s husband, who also managed the shop. Defendant managed another beauty shop which she and her husband owned as a partnership, but defendant frequently came to the Hollywood Mall Shop to assist during busy times or to manage it in the absence of her husband. While she was there on one occasion, the operators in the shop commented on a magazine article that reported a beauty convention to be held in Daytona. Defendant remarked that, “It would be nice if we all could go, and all take cars and go up.” Plaintiff wife was desirous of going because she wanted to improve her skill with the hope of earning more money. Initially Mrs. Parsons planned to take her own car but later she, along with two others, accepted the invitation to ride in the defendant’s car. The four occupants agreed in advance that they would share equally the automobile expense and hotel bills and that they would each pay their own registration fee and cost of meals. On the return trip from the convention, the defendant stopped at a service station for gasoline at which time the three passengers paid the defendant for their respective shares of the trip expense. Shortly after leaving the service station the automobile overturned when it ran off the road during a heavy rain storm, resulting in personal injuries to plaintiff wife.
The sharing of expenses of the trip did not amount to payment for the transportation.[6] The trip was neither a joint enterprise[7] nor a commercial transaction.[8] It was the plaintiff’s position, however, that her presence in the car as a passenger was for the mutual benefit of herself and the defendant thereby making the guest passenger statute inapplicable.[9] But if the plaintiff wife seeks to show that her presence in the automobile was for the mutual beneiit of herself and- the owner or operator, she must show that the benefit sought to be conferred on the owner or operator as the inducement for the transportation was a real or tangible one, a remote, vague or incidental benefit not being sufficient.[10] Plaintiffs submit that the evidence would justify the jury in finding that the plaintiff wife’s attendance at the convention did confer a real and tangible monetary benefit on the defendant because, by Mrs. Parsons’ attendance at the beautician’s convention her skill would increase thus enabling her to perform more expensive hair styling, thereby increasing her productivity which in turn would inure to the benefit of the defendant by virtue of defendant’s substantial stock, ownership in plaintiff's corporate employer. We have no difficulty in holding that such a benefit would be too remote, vague or incidental to be legally sufficient to remove plaintiff wife from the guest passenger statute.
The defendant’s motion for directed verdict made at the close of the plaintiff’s case, and timely renewed at the close of all of the evidence, should have been granted. The final judgment is reversed and the cause remanded for the entry of a final judgment in favor of defendant.
Reversed and remanded.
CROSS, C. J., and REED, J., concur.

. F.S.1967, section 320.59, F.S.A.

. See 32 Fla.Jur., Trial, §§ 93-95 and the myriad of cases there cited upholding this elemental proposition.

. Cormier v. Williams, 1941, 148 Fla. 201, 4 So.2d 525.

. See Annotations in F.S.A. § 320.59 ; 3 Fla.Jur., Automobiles, § 113 et seq.

. Swilley v. Economy Cab Co., Fla.1951, 56 So.2d 914.

. McDougald v. Couey, 1942, 150 Fla. 784, 9 So.2d 187; Minnick v. Keene, Fla.App. 1962, 139 So.2d 172.

. Yokom v. Rodriguez, Fla.1949, 41 So.2d 446.

. Sproule v. Nelson. Fla.1955, 81 So.2d 748, 76 A.L.R.2d 1066.

 Id.

. Sullivan v. Stock, Fla.App.1957, 98 So.2d 507.