LILES, Judge.
This is an appeal from a jury verdict in favor of appellees, defendants in the trial court. Plaintiff-appellant, Wilmer C. Cline, filed a three count complaint against appel-lees, Roman J. Schoenberger and Earle W. Rossiter, as a result of the death of Gregg Cline, minor son of appellant Cline. The first count of the complaint alleged simple negligence. The second count alleged that the parties were engaged in a joint venture and therefore the guest statute was not applicable and the third count alleged gross negligence.
At the conclusion of the trial the judge directed a verdict on count two regarding joint venture. He had previously directed a verdict as to count one and so the case went to the jury on gross negligence against Schoenberger and Rossiter. The jury returned a verdict in favor of these defendants and judgment was entered thereon.
Gregg Cline, the deceased, along with Roman J. Schoenberger and Earle W. Rossiter, Jr., came to Tampa to visit a girl friend of Rossiter, Jr., and spent several hours at the girl friend’s home. They then decided that they would return to Clear-water where they all lived so that Schoen-berger could visit one of his friends. They arrived at the friend’s home and he was not there, so they went to a restaurant and had something to eat. Subsequently, Gregg Cline wanted to make a telephone call to a friend in Tampa and so that there would not be a long distance charge he asked Rossiter, Jr., to drive him across the Courtney Campbell Causeway to the nearest telephone on the Tampa side. Having done this they began their return to Clearwater. Rossiter, Jr., asked Gregg Cline if he would drive and to this Cline agreed. At this point Schoenberger asked Rossiter, Jr., if he could drive and Rossiter refused to let him drive. Schoenberger again asked Rossiter, Jr., if he might drive the car, whereupon Rossiter gave Schoenberger permission to drive. He admonished him to “take it easy.” As they approached the next bridge, after Schoenberger had taken over as driver, Rossiter, Jr., again advised Schoenberger to slow his speed because there was a bump on the bridge ahead. He slowed down to approximately 30 mph. When he entered the bridge the car hit a bump and Schoenberger lost control and the car turned over. Gregg Cline died as result of injuries received.
Appellant assigns as error the trial judge’s directing a verdict in favor of defendants regarding joint venture and that the final argument made on behalf of defendants, appellees here, was improper. Looking first to the directed verdict on count two, that is whether or not there was a joint venture, in the case of Yokom v. Rodriguez, Fla.1949, 41 So.2d 446, 448, the court said:
“There are three essential elements of a joint enterprise: (1) There must be an *374 agreement, express or implied, to enter into an undertaking. (2) In such undertaking there must be community of interests in the objects and purposes to be accomplished. (3) The parties to such an enterprise' must, in pursuance of it, have equal authority. Coral Gables Securities Corporation v. Miami Corporation, 123 Fla. 172, 166 So. 555.”
The Third District Court in Kaplan v. Wolff, Fla.App. 1967, 198 So.2d 103, 105, reestablished the holding in Yokom v. Rodriguez, supra.
Appellant urges that it is a question always for the jury whether or not there is or is not a joint enterprise or joint venture. In the instant case upon a thorough search of the record we can find nothing in the evidence to support all three of the necessary ingredients to constitute a joint enterprise or joint venture. Therefore, in this situation, the trial judge was correct in directing a verdict regarding count two of appellant’s complaint.
Concerning the second point, appellant urges that certain portions of the final argument of defense counsel before the jury constituted fundamental error. However, the record demonstrates, and appellant concedes, that no objection was made to the argument in order to preserve it on appeal. Avoidance of the effect of the failure to object is sought by reference to the power of an appellate court under Rule 3.7(i), F.A.R., 32 F.S.A., to consider fundamental errors apparent in the record-on-appeal. We have examined that portion of the final argument to which appellant now objects and are of the opinion that its presentation to the jury did not constitute fundamental error.
For the foregoing reasons the judgment is therefore affirmed.
HOBSON, C. J., and PIERCE, J., concur.