238 So.2d 561 (1970)
Joyce Ann PARSONS et Vir, Petitioners,
v.
Marie Perez REYES, Respondent.
No. 39000.
Supreme Court of Florida.
June 24, 1970.
Rehearing Denied September 14, 1970.
*562 Norman S. Klein, of Linet, Schwartz, Klein & Weiner, N. Miami Beach, for petitioners.
James A. Smith, of Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of a District Court of Appeal (Reyes v. Parsons, 226 So.2d 43), which allegedly conflicts with a prior decision of another District Court of Appeal (McNulty v. Atlantic Coast Line Railroad Co., 198 So.2d 876) on the same point of law.
The District Court in its opinion stated the facts as follows:
"The plaintiff wife worked as a hairdresser at the Hollywood Mall Shop. She was paid no salary but received a 50% commission on the work she did. The shop was owned by Altaire Corporation, a `family corporation', 49% of its stock being held by the defendant and the remainder by defendant's husband, who also managed the shop. Defendant managed another beauty shop which she and her husband owned as a partnership, but defendant frequently came to the Hollywood Mall Shop to assist during busy times or to manage it in the absence of her husband. While she was there on one occasion, the operators in the shop commented on a magazine article that reported a beauty convention to be held in Daytona. Defendant remarked that, `It would be nice if we all could go, and all take cars and go up.' Plaintiff wife was desirous of going because she wanted to improve her skill with the hope of earning more money. Initially Mrs. Parsons planned to take her own car but later she, along with two others, accepted the invitation to ride in the defendant's car. The four occupants agreed in advance that they would share equally the automobile expense and hotel bills and that they would each pay their own registration fee and cost of meals. On the return trip from the convention, the defendant stopped at a service station for gasoline at which time the three passengers paid the defendant for their respective shares of the trip expense. Shortly after leaving the service station the automobile overturned when it ran off the road during a heavy rain storm, resulting in personal injuries to plaintiff wife.
The Court then said:
"Plaintiffs submit that the evidence would justify the jury in finding that the plaintiff wife's attendance at the convention did confer a real and tangible monetary benefit on the defendant because, by Mrs. Parsons' attendance at the beautician's convention her skill would *563 increase thus enabling her to perform more expensive hair styling, thereby increasing her productivity which in turn would inure to the benefit of the defendant by virtue of defendant's substantial stock ownership in plaintiff's corporate employer. We have no difficulty in holding that such a benefit would be too remote, vague or incidental to be legally sufficient to remove plaintiff wife from the guest passenger statute."
It was then held that defendant's motion for directed verdict should have been granted.
The action in McNulty v. Atlantic Coast Line Railroad Co., supra, was brought by the widow of Fred McNulty for the death of her husband allegedly caused by the joint and several negligence of Atlantic Coast Line Railroad Co. and David McNulty. David McNulty was the driver of the car in which Fred McNulty was riding at the time of the collision with a train. Both men were killed.
Fred and David McNulty were associated in the banking business. Plaintiff contended that Fred McNulty was not a guest passenger. In its opinion the District Court said:
"Plaintiff established that on other auto trips prior to the collision, Fred McNulty often discussed business with his associates, and contends that because this evidence is undisputed the trial judge should have held as a matter of law that Fred McNulty did not come within the terms of the Guest Passenger Statute.
"The defense argues that there was a reasonable basis for an inference that the McNulty brothers were riding together for companionship, fellowship, courtesy or some like reason.
"The trial judge ruled that the evidence supported conflicting inferences and therefore, the determination as to the status of the brothers was a jury question.
"We concur."
In the case sub judice, the District Court held that defendant's motion for directed verdict should have been granted.
In granting a motion for directed verdict, the Court must determine that there is no evidence to support a jury finding for the party against whom the verdict is sought. Cadore v. Karp, 91 So.2d 806 (Fla. 1957). It does not lie within the province of the Court to weigh evidence or determine questions of credibility and, where there is the possibility of different conclusions or inferences from the evidence the Court should submit the issue to the jury. Bruce Construction Corp. v. The State Exchange Bank, 102 So.2d 288 (Fla. 1958). See also 25 F.L.P., Verdict, § 9.
The decision of the District Court in the case sub judice is in conflict with McNulty v. Atlantic Coast Line Railroad Co., supra, and we have jurisdiction.
The guest statute (Fla. Stat. § 320.59, F.S.A.) was enacted to prevent recovery by those who had no moral right to recompense, those carried for their own convenience, for their own business or pleasure, those invited by the operator as a mere generous gesture, or "hitchhikers" who sought to make profit out of softhearted and unfortunate motorists. Under the facts as stated in the District Court's opinion, the plaintiff could not be classified with any of these. The purpose of the trip was to allow the employee plaintiff-wife to observe teaching demonstrations from experts so that she could improve her skill. This could result in improving the quality of work in the beauty shop and result in financial benefit to the defendant. The skill and capability of an employee has a direct bearing upon the success of the business.
One important element in determining whether a person is a guest within the meaning of the guest statute is the identity *564 of the person or persons advantaged by the transportation. If, in its direct operation, it confers a benefit only on the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statute. However, if the transportation tends to the promotion of mutual interests of both the passenger and the driver and operates for their mutual benefit or if it is primarily for the attainment of some objective or purpose of the operator, the passenger is not a guest within the meaning of the statute. Sullivan v. Stock, 98 So.2d 507 (Fla.App.2d 1957); Brown v. Killinger, 146 So.2d 124 (Fla.App.1st 1962).
Bramble v. Garris, 144 So.2d 324 (Fla. App.2d 1962) was an action by the widow of a deceased automobile passenger against the estate of a deceased driver who, together with the passenger, had been killed in a collision which occurred when they were about to visit the offices of a close corporation in which they both held stock. A summary judgment was entered in favor of the driver's estate. In reversing this judgment, the District Court of Appeal said:
"Although the facts do not completely comport with the traditional elements listed for the establishment of a joint venture, they are adequate to set forth a commercial or business relationship between the parties as at least a possibility giving rise to the journey, so that Bramble might be deemed to be in a different category from the gratuitous non-paying guest passenger or hitchhiker. The decedents were both executive corporate officers concerned with the management and operation of a close corporation located in Pahokee. Both were shareholders, although it is true that Blodgett owned but 4 shares. Both were in the habit of making periodic trips at regular intervals to the corporate offices for inspection purposes. It would seem difficult to state that no possibility of a business reason for the trip here existed under the circumstances. The fact that Blodgett volunteered to transport Bramble is not of itself such compelling evidence that it would leave a jury no option but to conclude that the parties embarked on the voyage only for reasons of fellowship, companionship, courtesy or friendship. The business context in which the entire occurrence took place has a more significant impact here than credited to it by the trial judge, and a proper issue is presented for evaluation by a jury." (Emphasis supplied)
At common law plaintiffs' cause of action would not depend upon proof of gross negligence. Since the guest statute deprives one within its terms of a right theretofore existing, it is in derogation of the common law and should be strictly construed. Summersett v. Linkroum, 44 So.2d 662 (Fla. 1950).
Even though the evidence in the case sub judice may not have been conflicting in any material manner, nevertheless the evidence will admit of different reasonable inferences. Both the jury and the trial judge passed upon the sufficiency of the evidence to prove the relationship of the parties and the District Court erred when it reversed the final judgment.
The opinion of the District Court is quashed and the cause is remanded with instructions to further remand same to the Circuit Court with instructions to reinstate the final judgment for plaintiffs.
ERVIN, C.J., ROBERTS, DREW, CARLTON, BOYD, JJ., and SCHULZ, Circuit Judge, concur.