PEARSON, Judge.
This is an appeal from the final judgment entered on a jury verdict in an action brought by the appellant who was a passenger in an automobile driven by the defendant-appellee. The only point urged for reversal is that the trial court erred in failing to take from the jury the question of whether the Florida guest passenger statute, F.S. § 320.59, F.S.A., was applicable to this case.
Appellant sued the appellee who was the owner and driver of the automobile and the appellee pleaded that appellant was a guest passenger. The trial court found that simple negligence was established but left the question of gross negligence to the jury as well as the applicability of the guest statute. On this appeal appellant urges that the court should have granted its motion to take the issue of the guest passenger relationship from the jury and direct that the jury ascertain damages only, inasmuch as the court had already directed a verdict for the plaintiff on the issue of simple negligence.
Faced with this point on appeal, it is necessary for us to review the record to *795 see if there was any evidence before the jury which would raise an issue as to the application of the guest statute. Appellant urges that the fact that she, the appellant, was paying the appellee an hourly wage for her work during the time that the accident happened, plus the fact that the parties were then engaged in appellant’s business, rendered the transportation, a common business venture as a matter of law.
It will be noted that the statute itself cautions the court to leave the question of the relationship of the parties to the jury. The statute is as follows:
“320.59 Liability to guest or passenger — No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury, provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.” [Emphasis supplied]
We do not imply that the court does not have the power to take the issue from the jury where there is no evidence to support the application of the statute, nor do we suggest that the court was without authority to do what the plaintiff-appellant asked in this case since the conduct of trials must, of necessity, be controlled by the courts. Bluesten v. Florida Real Estate Commission, Fla.1961, 125 So.2d 567. A reading of the cases cited by appellant and appellee convinces us that there is no one controlling factor or factors which absolutely determine the relationship to be guest-passenger or not. In this case we are inclined to the view that the holding of the jury was against the manifest weight of the evidence but this point is not assigned or argued. We do not feel that the trial judge can be faulted for having left the decision to the jury under the holding in Casas v. Moya, Fla.App.1966, 193 So.2d 60; McNulty v. Atlantic Coast Line Railroad Co., Fla.App.1966, 198 So.2d 876.
Affirmed.