LAGOA, Judge.
 

 The plaintiff, Diane Erickson (“Erickson”), as personal representative of the Estate of Joseph A. Sindoni, Jr., appeals from multiple final judgments entered in this wrongful death case. Defendants, Community Asphalt and Abelardo Pupo (“Pupo”), cross-appeal. Because we conclude that the trial court erred in allowing the defense of joint enterprise to be submitted to the jury, we reverse and remand for a new trial.
 
 [1]
 

 I.
 
 Factual and Procedural History
 

 On February 2, 2000, three friends, Robert Irving (“Irving”), David Long (“Long”), and the decedent, Joseph Sindo-ni, Jr. (“Sindoni”), attended a scotch-tasting event at the Loews Hotel on Miami Beach. While Irving drove the three men to the event, he decided to leave the event with someone else. As a result, Irving gave his car keys to Long, who agreed to return the car to Irving’s home in Coconut Grove. Long asked Sindoni if he would like to drive, but Sindoni refused. Long and Sindoni subsequently left the event with Long driving. Although Long originally intended to drop Sindoni off at Sindo-ni’s home before returning the car to Irving’s home, Sindoni suggested that the two • stop at a bar in Coral Gables. After stopping at the bar for about forty-five minutes, Long and Sindoni left with Long again driving. On the way home, the car collided with a dump truck operated by Pupo in the course of his employment with Community Asphalt. Sindoni was killed in the accident, and Long subsequently plead guilty to DUI manslaughter.
 

 In August 2001, Erickson filed suit against, among others, Long, Irving, Pupo, and Community Asphalt. In their answer, Long and Irving plead various affirmative defenses, including Sindoni’s comparative negligence, and a joint enterprise defense based on their allegation that Sindoni and Long had joint control of the car. Prior to trial, Erickson twice moved to strike the
 
 *871
 
 joint enterprise defense. The trial court, however, denied both motions.
 

 The jury found Irving, Pupo, and Community Asphalt negligent. The trial court had previously determined Long’s negligence as a matter of law because of his guilty plea in the criminal case. The jury also found that Long and Sindoni were involved in a joint enterprise at the time of the accident. In apportioning degrees of negligence, the jury assigned 35% to Long, 20% to Irving, 5% to Community Asphalt, 5% to Pupo, and 35% comparative negligence to Sindoni — that is, the jury found the driver and the passenger
 
 equally
 
 at fault. The jury awarded Sindoni’s mother and father $50,000 each for past pain and suffering but no damages for future pain and suffering.
 

 Erickson filed a motion for a new trial arguing the inadequacy of the damage awards for future pain and suffering, as well as the legal insufficiency of Long and Irving’s joint enterprise defense. The trial court denied the motion.
 

 In light of the verdict on joint enterprise, Irving and Long filed a motion to enter final judgment. Long and Irving argued that because the jury found that Long and Sindoni were engaged in a joint enterprise, Long’s percentage of fault had to be imputed to Sindoni, leaving Sindoni 70% at fault. Long and Irving, additionally, argued that because Sindoni should be apportioned 70% of the fault, none of the defendants were jointly and severally liable for the damages, pursuant to section 768.81(3)(c), Florida Statutes (1999). The trial court granted Long and Irving’s motion, and ultimately entered a final judgment against Long in the amount of zero dollars, against Irving in the amount of $27,751.50, against Pupo in the amount of $6,937.87, and against Community Asphalt in the amount of $6,937.87.
 

 This appeal and cross-appeal ensued.
 

 II.
 
 Analysis
 

 In order to establish the existence of a joint enterprise concerning the operation of a motor vehicle, the defendant must prove the following elements: 1) an agreement, express or implied, to enter into an undertaking, 2) a community of interest in the objects and purposes to be accomplished in the undertaking, and 3) equal authority to control the undertaking.
 
 Kane v. Portwood,
 
 573 So.2d 980, 985 (Fla. 2d DCA 1991). An agreement to go to a social gathering is usually not sufficient to create a “community of interest,” nor is the fact that the passenger gives the driver directions.
 
 Id.
 
 Even situations such as carpools, in which the driver and passengers agree to drive to the same workplace and the passengers have the authority to demand that the driver correct his faults, are insufficient to create a joint enterprise.
 
 Conner v. Southland Corp.,
 
 240 So.2d 822 (Fla. 4th DCA 1970). The fact that a passenger pays for the expenses of a trip also does not necessarily establish a joint enterprise.
 
 Yokom v. Rodriguez,
 
 41 So.2d 446 (Fla.1949). As the Supreme Court explained in
 
 Yokom,
 
 41 So.2d at 448:
 

 It is not sufficient that the passenger indicates the route or that both parties have certain plans in common, such as a ‘joy ride’; the community of interest must be such that the passenger is entitled to be heard in the control and management of the vehicle — such as practically to amount to joint or common possession thereof.
 

 The relationship between the driver and passenger must be “in effect that of partnership, principal and agent, or master and servant, or when the circumstances are such that the vehicle, though manually operated by one person, is in the actual control of another.”
 
 Potter v. Fla. Motor
 
 
 *872
 

 Lines, Inc.,
 
 57 F.2d 313, 315 (S.D.Fla.1932).
 

 The evidence in this case fails to establish that a joint enterprise existed between Long and Sindoni. As stated above, a mere “joy ride,” or decision that persons will travel together to a social engagement or have plans in common is generally insufficient to establish a joint enterprise. Additionally, the fact that Sin-doni purchased Long’s drinks at the Coral Gables bar is also not evidence of a community of interest in the object and purpose of the evening. Moreover, the fact that one person pays the attendant expenses for a drive, the purpose of which is social, does not necessarily amount to a joint enterprise and certainly in this case is evidence of no more than a gift. As such, we conclude that the first two required elements for a joint enterprise defense — agreement and a community of interest — were not established.
 

 Second, even if Long and Irving had been able to establish the first two elements of a joint enterprise, there was insufficient evidence to establish the third element — that Long and Sindoni had equal authority to control the car. In order for there to be a joint enterprise, the control must be “such as practically to amount to joint or common possession thereof.”
 
 Kane,
 
 573 So.2d at 986. No evidence exists that Sindoni was anything more than a passive passenger in the vehicle. Indeed, when he had the opportunity to drive the car, Sindoni expressly refused.
 

 This case is, therefore, distinguishable from
 
 Florida Power & Light Co. v. Polackwich,
 
 677 So.2d 880, 882 (Fla. 2d DCA 1996), in which a father and stepson were found to be engaged in a joint enterprise where together they agreed to undertake a “sailing adventure” on a catamaran, which they both had authority to control, because “[ujnlike an automobile, the catamaran was being operated by a team of men.” Accordingly, the third element of equal authority to control the vehicle or undertaking was also not established. As such, we find that it was error for the trial court to allow the defense of joint enterprise to have been presented to and considered by the jury.
 

 Finally, although it is not necessary to do so because of our conclusion that the facts in this case do not establish a joint enterprise defense, we note that it is unlikely the doctrine of joint enterprise would ever apply here. We can think of no basis — at least none that would apply to this case — upon which to reach a conclusion that the joint enterprise doctrine may be applied to absolve a driver of all civil liability for the death of his passenger when he later pleads guilty to a DUI manslaughter for that death. The judgment in this case does not further any of the established purposes of the joint enterprise doctrine.
 
 See generally Kane,
 
 573 So.2d at 982-986 (discussing historical uses of joint enterprise doctrine and doubting its continued validity in modern tort actions).
 

 Long and Irving, however, argue that any error constituted harmless error that could be remedied simply by entering judgment in accordance with the percentages of fault assessed by the jury. We find Long and Irving’s contention without merit. The trial court specifically instructed the jury that each member of a joint enterprise is responsible for the negligence of another member, and indeed, the jury assigned Long and Sindoni equal percentages of fault even though Sindoni did not drive the vehicle and specifically refused to drive the vehicle. Given this, we cannot say that the error did not affect the jury’s verdict.
 
 See Katos v. Cushing,
 
 601 So.2d 612 (Fla. 3d DCA 1992). Accordingly, because we find that it was reversible error for the trial court to allow such a defense
 
 *873
 
 to be submitted to the jury, we reverse and remand for a new trial.
 

 Reversed and remanded.
 

 [1]
 

 . Because we find that a new trial is warranted based on the trial court’s error in allowing a joint enterprise defense to be presented to the jury, we do not address the remaining issues raised in the appeal or cross-appeal.