PER CURIAM.
Appellants Farrey seek reversal of. a summary judgment in favor of appellee Betten-dorf in a motor vehicle negligence case.
The point for consideration is whether the affidavits and depositions generated a factual issue on the question of gross negligence sufficient to preclude the entry of a summary judgment for the defendant.
This case was previously considered by the Supreme Court. Farrey et al. v. Bettendorf, Fla.1957, 96 So.2d 889. By its opinion in the cited decision the Supreme Court summarized the factual allegations of the complaint and held them sufficient to plead gross negligence. The cause was remanded to the trial court with leave to the defendant to renew his motion for summary judgment and to permit the filing of additional affidavits and depositions by both parties. For coherence it should be noted that plaintiff Thomas Farrey was injured while a passenger on a motor scooter operated by one John Bettendorf, the minor son of the defendant Joseph Bettendorf. The question again recurs as to the correctness of the ruling of the trial judge in holding that the affidavits and depositions offered to support a motion for summary judgment failed to produce any genuine issue on the claim of gross negligence in order to meet the requirements of Section 320.59, Florida Statutes, F.S.A. The trial judge was of the view that the evidence presented to him *559 reflected a total absence of gross negligence and, therefore, justified a summary judgment in favor of the defendant who is now the appellee.
Although in some respects the affidavits and depositions failed to support the allegations of the complaint with reference to alleged violations of Sections 322.05(1) and 322.16(2), Florida Statutes, F.S.A., we have the view that there was a sufficient factual showing to require that the cause proceed to a jury trial on the critical question of the presence or absence of gross negligence. Our Supreme Court has on numerous occasions announced that while each separate isolated act involved in a collision might not in and of itself establish gross negligence, nevertheless, the entire course of conduct of the driver of the vehicle under all the circumstances might be considered collectively and as a composite cause of action that would justify a determination that gross negligence is present. Under such circumstances if the composite picture reveals a situation in which the driver knew, or should have known, that his conduct placed others in danger of grave injury then a jury might properly conclude that under all of the circumstances he could be found guilty of a conscious indifference to the safety of others. Faircloth v. Hill, Fla. 1956, 85 So.2d 870.
In its prior consideration of the instant case the Supreme Court suggested that if one intentionally fails to look where he is going when operating a dangerous instrumentality, such conduct is essentially the equivalent of driving with his eyes closed. Although a momentary diversion from looking at the road ahead might not constitute gross negligence, nevertheless, if such diversion is for a substantial period of time under the circumstances, then such conduct might well be construed as a lack of slight care and, therefore, the resultant negligence is gross. Faircloth v. Hill, supra; Bridges v. Speer, Fla.1955, 79 So.2d 679.
As we review the instant record there appear a number of factors which, when taken collectively, could properly be considered by a jury as amounting to gross negligence under all the circumstances. At any rate, it can not be said from this record that it has been demonstrated that the jury could not find from all of the facts that the driver of the vehicle was guilty of gross negligence. For example, among other elements, it is noted that the collision with the parked automobile occurred on a dark street in an area in which the maneuverability of the motor scooter was restricted by the presence of parked cars on both sides of the street. From the evidence the jury could conclude that the headlight on the motor scooter was not sufficiently bright to enable the driver to operate with safety under the conditions present and in addition, a jury could conclude that the driver of the scooter diverted his vision away from the direct line of travel toward a side street for a sufficient period of time that made it impossible for him to avoid the collision when he discovered a parked automobile almost directly ahead of him. From these particular elements and others in the record presented to the trial judge we think that a jury could properly conclude that the driver of the motor scooter was guilty of conduct which was equivalent to intentionally failing to look where he was going to such an extent that it would amount to driving “with the eyes of the operator closed”, in the language of the Supreme Court in Farrey v. Bettendorf, supra [96 So.2d 895],
When we resolve all justifiable factual inferences in favor of the plaintiff-appellant, as we must do on the defendant’s motion for a summary judgment, we can not see that the record here precludes a possible jury finding of gross negligence on the part of the driver of the motor scooter. Whether under all the circumstances conduct of the driver amounted to a conscious indifference to consequences and a wanton disregard of the safety of his guest passenger, or whether such conduct was a mere “momentary” lapse are questions which should properly be decided by a jury under all the circumstances and with ap *560 propriate instructions of the trial judge. We consequently have the view that there were genuine issues on material facts which would preclude the entry of a summary judgment. The judgment is reversed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
HORTON, C. J., PEARSON, J., and THORNAL, CAMPBELL, Associate Judge, concur.