CARROLL, DONALD, Judge
(dissenting).
Since I am of the opinion that from all of the circumstances shown in the record, taken collectively and construed most favorably against the defendant-movant, a jury could legally have drawn an inference that *528 the defendant’s course of conduct was such that a reasonable and prudent man would or should have known that it would probably and most likely result in injury to persons or property, and could legally have reached the conclusion that the defendant was guilty of gross negligence, I believe that the plaintiff should have been permitted to submit her case to a jury for its determination of this factual issue under appropriate instructions of the trial judge. See Faircloth v. Hill, Fla.1956, 85 So.2d 870, and Farrey v. Bettendorf, Fla.App.1960, 123 So.2d 558.
Even if this were not so certainly a question of fact for the jury, this case at least comes within the language of the Supreme Court of Florida in Delany v. Breeding’s Homestead Drug Co., Fla.1959, 93 So.2d 116, 119, involving a summary judgment: “It appears to us that the situation is such a close one that it should have been presented to a jury to decide.”
I would, therefore, reverse the summary judgment and remand the cause for further proceedings consistent herewith.