PER CURIAM.
The plaintiff appeals an order dismissing its complaint in which it sought to foreclose a claim of mechanics’ lien. The complaint was the first filed in the cause. The defendant’s motion to dismiss directed to the complaint set forth three grounds. The first of these grounds alleges failure to state a cause of action. The other two were directed to a claimed lack of juris *561 diction over the party and lack of jurisdiction over the subject matter. We have not been favored with a brief by the appellee. Such a situation places an undue burden on the appellate court. Jacksonville Tractor Company v. Nasworthy, Fla.App.1959, 114 So.2d 463.
Our examination of the record convinces us that the complaint was properly dismissed for failure to state a cause of action in that it was so vague and indefinite that it is difficult to determine whether the essential allegations were made. Mere legal conclusions are not sufficient unless substantiated by allegations of ultimate fact. Every fact essential to the cause of action must be stated distinctively, definitely and clearly. Ocala Loan Company v. Smith, Fla.App.1963, 155 So.2d 711 and cases cited therein at page 716.
 After the entry of the order, the plaintiff filed a “Motion to Vacate and Amend Order” in which it made a request for the right to amend the complaint. This motion alleged a departure by the court from a previous oral ruling. The trial judge construed this motion as a petition for a rehearing on the merits and we presume that it was so argued. Nevertheless, we feel that this motion was a sufficient request for permission to amend. We therefore hold that the motion to amend should have been granted and an order entered allowing the plaintiff reasonable time for amendment. See: McNayr v. Cranbrook Investments, Inc., Fla.1963, 158 So.2d 129; Cabot v. Clearwater Construction Co., Fla. 1956, 89 So.2d 662.
An examination of the record does not affirmatively show a lack of jurisdiction. In the absence of a statement in the order that the decree was entered on that ground, or a showing of a lack of jurisdiction by the appellee, we must presume that the basis of the order was as set out above.
Affirmed in part, reversed in part and remanded.