203 So.2d 209 (1967)
Allie June HELLWEG, Appellant,
v.
Virgil HOLMQUIST, Appellee.
No. 273.
District Court of Appeal of Florida. Fourth District.
October 10, 1967.
Rehearing Denied November 8, 1967.
*210 H.L. Clark III, Indian Harbour Beach, for appellant.
Hale Baugh, of Berson, Driscoll, Baugh & LaGrone, Cocoa, for appellee.
WHITE, JOSEPH S., Associate Judge.
This appeal brings for review a final judgment for defendant upon a motion for summary judgment in a personal injury action.
Plaintiff was a guest passenger in defendant's automobile, and it was upon her explanation of the occurrence, given in a deposition and a counter-affidavit, that the final judgment was entered.
Plaintiff explained that defendant was driving his automobile, with plaintiff a passenger, over "Melbourne Causeway", which crosses Indian River in Brevard County. Defendant was proceeding upon a bridge spanning a portion of the waterway when he noticed a motor truck moving in the same direction a short distance ahead. Defendant recognized the truck as one belonging to him. He called plaintiff's attention to the truck and remarked that he owned it. In doing so, defendant took his eyes from the roadway and glanced around to face plaintiff. By the time defendant looked again in the direction of his travel he could not avoid striking the truck.
"Gross negligence", to which reference is made in the "guest statute" (F.S.A. § 320.59), is a relative term to be understood as meaning a greater want of care than is implied from the term "ordinary negligence". The circumstances of each particular case must be taken into account. Ordinary or simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property, whereas gross negligence, mentioned in the "guest statute", is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to passengers riding in his vehicle. To put it another way, the act complained of must be of such character that the driver of the vehicle would know, or should know, that by doing the act in the manner and at the time in question he placed those riding with him in danger of injury. Carraway v. Revell, Fla. 1959, 116 So.2d 16.
This is a lesser degree of negligence than will support a charge of manslaughter. Carraway v. Revell, supra; Rodriguez v. Gonzalez, Fla.App. 1963, 157 So.2d 848.
There is frequently a greater hazard in proceeding in a motor vehicle over a *211 bridge which spans a waterway than is encountered in ordinary travel. Those operating motor vehicles under such circumstances are called upon to exercise greater caution, depending upon conditions affecting travel at the time.
It has been held that the conduct of the operator of a motor vehicle in turning his head around to talk with a passenger, thereby taking his eyes off the road, could constitute "gross negligence". Farrey v. Bettendorf, Fla. 1957, 96 So.2d 889; Farrey v. Bettendorf, Fla.App. 1960, 123 So.2d 558.
Summary judgment disposing of the whole case upon the facts may be invoked only when no genuine issue as to any material facts remains and all essential facts are beyond dispute. Such a state of affairs is seldom found in tort actions because of the well-settled principle that questions of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, ordinarily are to be resolved by the trier of the facts from the circumstances in each particular case. What might be ordinary negligence in the operation of an automobile under one set of circumstances might constitute gross negligence under other circumstances depending upon the time, location, amount of traffic, physical conditions, and all other elements that affect travel.
The record now before the court presents a case governed by this latter principle and indicates that the final judgment should be reversed with directions to let the case proceed to trial. See, also, Cadore v. Karp, Fla. 1957, 91 So.2d 806; Foy v. Fleming, Fla.App. 1964, 168 So.2d 177; Haynes v. Littleford, Fla.App. 1965, 173 So.2d 477.
Reversed.
PIERCE, WILLIAM C., Associate Judge, concurs.
WALDEN, C.J., dissents without opinion.