SMITH, CULVER, Associate Judge.
This appeal is brought from a partial summary judgment entered on count I of the second amended complaint and from a dismissal with prejudice of the third amended complaint. The original plaintiff was Margaret Wirth, who passed away during the course of the litigation. The appellant was substituted as plaintiff by order filed June 16, 1966. Margaret Wirth will hereafter be referred to as the deceased.
The case arises from an automobile collision occurring at the intersection of Park Avenue and 9th Street in the City of Sanford, Florida. Deceased was riding in an automobile owned by the Appellee-George D. Dial and driven by the Appellee-Doris E. Dial. They were on a shopping trip. Count I of the second amended complaint states a cause of action for simple negligence and relies on payment and contract for hire to remove the cause from under the Florida guest passenger statute, F.S.1967, section 320.59, F.S.A. The trial court entered a partial summary judgment in favor of appellees as to this count. This is assigned as error by appellant. The portion of count I of the second amended complaint which is relied upon to take the case from the purview of the guest statute reads as follows:
“That on or about April 14, 1965, the Plaintiff, MARGARET A. WIRTH, entered into an agreement with Defendant, DORIS E. DIAL, to which DORIS E. DIAL agreed that for the sum of $2.00 she would transport the said MARGARET A. WIRTH to a shopping area of Sanford, Florida, on April 16, 1965.”
Appellees in their answer deny all allegations of negligence and deny the allegation set forth above. Their motion for summary judgment is based on the pleadings, depositions and affidavit contained in the record. In her deposition and affidavit Appellee-Doris Dial denies that there was any agreement for payment of any sort by the deceased to her for transportation. We must look to the deposition of the deceased to determine if it creates a genuine issue of material fact. The testimony contained therein is vague and somewhat contradictory. The deceased at no time stated that she paid *664 $2.00 or that she had agreed to do so, as is alleged in the second amended complaint. She testified that she bought some gas, but she did not know how much it was. Upon being asked where that was, deceased stated that it was in Evansville, Indiana. Later she testified she did not remember where the filling station was.
 The rule that the burden of proving absence of genuine issues of material facts is upon the moving party is too well established to require citation of authority. However, this burden is limited to making the required showing only as to those issues made by the pleadings. Holl v. Talcott, Fla.1966, 191 So.2d 40. Taken in the light most favorable to the appellant, the deceased’s testimony is that she had no conversation with Appellee-Doris E. Dial prior to the shopping trip into town; that she bought some gas, the amount or price of which she did not know, nor did she know where the purchase took place. This evidence certainly falls far short of establishing the quoted agreement on which count I of the second amended complaint is based. In fact, it negates that allegation.
Even if we were to disregard the issues made by the pleadings, as we see them, there would still be no genuine issue of material fact. In the case of McDougald v. Couey, 1942, 150 Fla. 748, 9 So.2d 187, the Supreme Court of Florida held:
“A man may not become a paying passenger, as distinguished from a guest, when he embarks upon an excursion such as reflected in this record and merely makes a contribution to the expenses of operating the vehicle, in which both of them are riding. In those circumstances he is a guest and if during the undertaking he is injured he may not recover unless he establishes gross negligence under the guest statute * *
We hold that the trial court was correct in entering the partial summary judgment.
Appellant’s second assignment of error is based upon the dismissal with prejudice of the third amended complaint. By this complaint, appellant seeks to state a cause of action for gross negligence under the guest statute. The following are the pertinent allegations:
“* * * DORIS E. DIAL drove the motor vehicle in such a grossly negligent manner, to wit:
“(a) [A]t an excessive rate of speed, to wit, 45 miles an hour in a 25 mile per hour speed zone;
“(b) [Tjhat other traffic on the street was moving much slower than the aforesaid 45 miles an hour;
“(c) [Tjhat DORIS E. DIAL was aware that a traffic control device was located at the intersection of Park Avenue and Ninth Street;
“(d) [Tjhat DORIS E. DIAL was aware of the presence of the vehicle which she later struck at least one block prior to the point of the impact;
“(e) [Tjhat the vehicle which DORIS E. DIAL struck did not come to a sudden stop at the aforesaid intersection;
“(f) [Tjhat when DORIS E. DIAL saw the traffic control device it was green in color; that the device turned to red and the two vehicles traveling ahead of DORIS E. DIAL stopped for the traffic control device; that DORIS E. DIAL failed to observe the traffic control device change from green to red; that there was nothing to obstruct her vision from seeing the traffic control device change from green to red;
“(g) [Tjhat DORIS E. DIAL was in no way distracted as she approached the traffic light; and
“(h) DORIS E. DIAL did not observe the other traffic just prior to impact;
“(i) DORIS E. DIAL looked into her rear view mirror for an unreasonable *665 length of time while proceeding in a forward direction prior to impact;
“(j) [T]hat DORIS E. DIAL failed to apply her brakes prior to the impact;
“(k) [T]hat DORIS E. DIAL was not attentive to the road conditions as she did not see the brake lights on the vehicle ahead; and she did collide with great force and effect into and against the rear end of a motor vehicle in front of her which was at the said time and place pointed in a northerly direction on Park Avenue, which was then and there slowed or stopped at the traffic signal at said intersection as aforesaid; that DORIS E. DIAL knew or should have known that the aforesaid conduct placed MARGARET A. WIRTH, in danger of grave injury.”
 In the leading case of Carraway v. Revell, Fla.1959, 116 So.2d 16, the Supreme Court of Florida, in an opinion by Mr. Justice Drew, held that the gross negligence required for recovery under the guest statute need not be that type of culpable negligence which has been substituted for the element of criminal intent in statutory manslaughter. The Court defined gross negligence (as applied to the guest statute) to be:
“ ‘We think the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or “clear and present” that negligence is gross, whereas other negligence would be simple negligence.’ ”
In Faircloth v. Hill, Fla.1956, 85 So.2d 870, at page 872 the Supreme Court stated:
“We have held that all of the circumstances of each case entering into the particular happening must be considered in order to determine whether liability exists. See Dexter v. Green, Fla.1951, 55 So.2d 548. In the same case we held that while each separate act involved in the drama might not in and of itself establish gross negligence, nevertheless, the entire course of conduct of the automobile driver under all of the circumstances and in the light of all of the related factors taken collectively might well establish the existence of gross negligence by pointing to the conclusion that the driver of the car knew or should have known that his conduct placed others in danger of grave injury and that under all of the circumstances he could be found guilty of a conscious indifference for the safety of others.”
Finally, in Carraway v. Revell, supra, the Court made the following statement:
“ * * * In doubtful cases, the question of whether such negligence is ordinary or gross is, as we have heretofore held, one which under appropriate instructions should be submitted to the jury.”
Applying the rules hereinabove quoted to the appellant’s third amended complaint we reach the conclusion that it does state a cause of action under the Florida Guest Statute, and therefore the order of the court below dismissing it must be reversed. This cause is remanded for proceedings consistent with such holding.
Affirmed, in part, and reversed, in part.
McCAIN and REED, JJ., concur.