WALDEN, Chief Judge.
Plaintiffs, Ruth M. Doyle and her husband, Walter J. Doyle, have brought this appeal from a final judgment dismissing their second amended complaint with prejudice.
The simple question is whether or not the allegations of the complaint were legally sufficient to support plaintiffs’ contention that Mrs. Doyle was a business invitee at the time she slipped and fell upon defendants’ premises. Plaintiffs concede that if Mrs. Doyle was not a business invitee, their complaint must fail. •
Their complaint alleged that they resided in a trailer court operated by defendants. It went on to allege:
“4. That on November 20, 1964, when returning to her mobile home after attending a card game at the trailer court recreation hall, the plaintiff, RUTH M. DOYLE, entered a cottage owned by the defendants * * * which cottage the plaintiff believed was available for rent and/or sale, as it was generally known that the defendants'owned cottages which they rented and/or sold to the general public.
“5. That the plaintiff, RUTH M. DOYLE, entered said cottage for the purpose of inspecting and determining whether or not it would be suitable for friends to rent and that such entry was made at the implied invitation of the defendants by reason of the defendants permitting the plaintiff to believe that defendants had cottages for rent and/or sale in said trailer park, and in that the door of said cottage was .unlocked, that no sign or notice was posted on the cottage premises forbidding entry of the cottage and the cottage was not occupied at the time.”
It was further stated that Mrs. Doyle was injured when she slipped and fell on some slippery substance which had been left on the floor of the cottage “in a careless and negligent manner by the defendants.”
To this complaint defendants responded with a motion to dismiss. They urged that plaintiffs’ allegations showed Ruth M. Doyle was not an invitee, but rather was a trespasser or a licensee, and that therefore defendants did not owe her a duty to exercise reasonable care to insure her safety.
The trial court agreed, expressing its view that the second amended complaint failed to state a cause of action since it did not allege sufficient ultimate facts which, if proven, would establish that Mrs. Doyle’s status at the time of her accident was that of an invitee. When plaintiffs declined to amend further, the judgment appealed was entered. We affirm.
Rule 1.110(b), Fla.R.Civ.P., 30 F.S.A., requires that claims for relief,
“ * * * must state a cause of action and shall contain * * *, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief * *
Clearly mere legal conclusions inserted in a complaint are insufficient to state a cause of action unless substantiated by allegations of ultimate fact.[1] A complaint must sufficiently allege ultimate facts which, if established by competent evidence, would support a decree granting *495 the relief sought.[2] Naturally all well-pleaded allegations are accepted as true for this purpose.[3]
The plaintiffs’ allegations may be broken into two categories.
On the one hand there are the factual allegations with which the defendants may come to grips by admitting, denying or disputing with evidence. The total of such facts is that the cottage was unoccupied, unlocked and not graced with any sign. Certainly it cannot be contended that these circumstances by any stretch of the imagination constituted an invitation.
On the other hand, plaintiffs embroider the picture with subjective conclusions by saying that Mrs. Doyle entered at the implied invitation of the defendants because defendants permitted her to believe that they had cottages for rent or sale. But nowhere are there ultimate facts alleged which would give rise to Mrs. Doyle’s belief and support the alleged implied invitation — facts or acts by way of omission or commission chargeable to defendants. As the complaint stood there was no way whereby the defendants could realistically plead, join issue, and defend upon this critical facet of, the case. While it would not make plaintiffs’ effort successful, it is indicative that it has not even been alleged that the cottage was in fact for sale or rent.
The view advanced by plaintiffs would result in a rather bizarre situation. If an owner of a cottage should perchance leave it unoccupied and unlocked, a passerby armed with a non-supported, naked and illogical belief that the cottage was for rent could enter and be deemed a business invitee. In our judgment this would be a novel addendum to our law.
Although the authorities in this area appear to be scant, we note that an advertisement .that certain premises are for rent does not imply an invitation to inspect them unattended.[4] Further, the fact that a vacant house is for sale does not constitute an invitation to enter on the premises to inspect them without the consent or further action by the owner.[5] Plaintiffs’ complaint in the present case reflects even less to indicate an implied invitation.
In the absence of any allegation showing any conduct on defendants’ part which might be construed as an “implied invitation,” plaintiffs’ complaint is fatally defective, and we so hold.
Affirmed.
McCAIN and OWEN, JJ., concur.

. Loving v. Viecelli, Fla.App.1964, 164 So.2d 560; Ocala Loan Co. v. Smith, Fla.App.1963, 155 So.2d 711.

. Kislak v. Kreedian, Fla.1957, 95 So.2d 510; Naples Builders Supply Co. v. Clutter Const. Corp., Fla.App.1963, 152 So.2d 478.

. Crutchfield v. Adams, Fla.App.1963, 152 So.2d 808.

. Mortgage Comm. Servicing Corp. v. Brock, 1939, 60 Ga.App. 695, 4 S.E.2d 669.

. Wilkie v. Randolph Trust Co., 316 Mass. 267, 55 N.E.2d 466.