OWEN, Judge.
Plaintiff brought an action under the Florida guest passenger statute.[1] The court held the allegations insufficient as a matter of law, and upon plaintiff declining to further plead, the court entered its order dismissing the complaint as against the host without further leave to amend.
Plaintiff, after alleging that she was the wife of Peter Bochiaro, who died as a result of injuries sustained in the automobile collision which was the subject matter of a suit, alleged that she and her husband were passengers in an automobile which was being operated by the defendant, Frank Bochiaro, in a westerly direction on Southwest 20th Street at or near its intersection with Southwest 10th Avenue in the City of Fort Lauderdale, Broward County, Florida; she thereupon sought to allege gross negli *883 gence under F.S. Section 320.59, F.S.A. in the following language:
“9. That at the aforementioned intersection, Southwest 10th Avenue is a through street, and Southwest 20th Street is controlled by ‘yield’ signs which require motorists traveling on Southwest 20th Street to yield the right-of-way to motorists traveling on Southwest 10th Avenue who are in the intersection or approaching said intersection so closely as to constitute an immediate hazard during the time such motorist is moving across or within the intersection.
“10. That at said time and place, the Defendant FRANK BOCHIARO proceeded through said ‘yield’ sign and into the intersection without stopping or looking, thereby causing the automobile which he was operating to collide with the automobile which was being operated by DEAN ALLEN LaRUE, which automobile was already in the aforementioned intersection, or, in the alternative, which automobile was approaching said intersection so closely as to constitute an immediate hazard. Said accident was caused by the gross negligence of the Defendant FRANK BOCHIARO, which gross negligence was the proximate cause of Plaintiff’s Decedent’s injuries and subsequent death.”
In Carraway v. Revell, Fla.1959, 116 So.2d 16, the Supreme Court speaking through Mr. Justice Drew clearly recognized that guest passenger gross negligence lies in the area between ordinary negligence and the willful and wanton misconduct sufficient to support a judgment for exemplary or punitive damages. As a further guide the rule set forth in Bridges v. Speer[2] was reaffirmed.
Appellee contends that the facts alleged constituted simple negligence, at the most. Had the host driver approached the intersection and come to a complete stop, carefully looked both ways on the intersecting street and then started his vehicle forward into the intersection into the path of an oncoming vehicle which he simply failed to see, no one would question the sufficiency of these facts to sustain a finding of simple or ordinary negligence. Certainly then, alleging that the host driver approached the intersection and although faced with a “yield” sign continued on into the intersection without either stopping or looking alleges a greater lack of care than would be required to show simple or ordinary negligence.
When one operating a motor vehicle approaches an intersection faced with a “yield” sign and thereafter continues into the intersection without stopping or looking, at a time when an automobile on the intersecting street is already into the intersection or so close thereto as to constitute an immediate hazard, a jury could certainly find that a reasonable and prudent man would know that such conduct would probably and most likely result in injury to persons or property.
We hold that the allegations of the complaint are sufficient to state a cause of action under the Florida guest passenger statute.
Pre-Carraway decisions holding complaints insufficient to state a cause of action under the guest passenger statute must be examined with some caution. Until the matter was clarified by the opinion in Carraway, there was some language in earlier decisions from which could be drawn the conclusion that guest passenger negligence equated with punitive damage negligence. Nonetheless, in McMillan v. Nelson, 1942, 149 Fla. 334, 5 So.2d 867, the Supreme Court approved [as sufficient to allege a cause of action under the guest passenger statute] allegations that the host drove his vehicle into a busy arterial highway without stopping for a stop sign and without looking for oncoming traffic and *884 proceeded thereby to drive his automobile across the highway and to collide with another car. From a civil liability point of view there is no difference between running a “stop” sign and running a “yield” sign when traffic on the intersecting street is either in the intersection or approaching so close thereto as to constitute an immediate hazard. While plaintiff in this case did not label the intersecting street as a busy arterial highway, the court will take judicial notice of the fact that the number of motor vehicles on the streets and highways of the state has increased greatly since 1940. In our opinion the allegations of the complaint in the case at bar are substantially identical to those approved in McMillan.
In Hellweg v. Holmquist, Fla.App.1967, 203 So.2d 209, this court found that a host driver who turned to speak to his guest and in so doing took his eyes momentarily from the roadway thereby being unable to stop in time to avoid striking the vehicle ahead was sufficient to allege gross negligence. In Lockridge v. Dial, Fla.App.1968, 208 So.2d 662, this court held that a host driver who struck the rear of a vehicle which had stopped ahead in response to a traffic control signal, where the host driver failed to observe traffic conditions, was looking in a rearview mirror and failed to apply her brakes, stated a cause of action under the guest passenger statute.
In those cases as well as the one at bar it is clear that the course of conduct alleged is such that a jury could find, under appropriate instructions, that a reasonable and prudent man would know the same would probably and most likely result, in injury to persons or property. This remains, of course, a question for the jury.
The order appealed from is reversed and this cause is remanded for further proceedings.
Reversed and remanded.
REED, J., and GOODING, MARION, Associate Judge, concur.

. Section 320.59, F.S.1965, F.S.A.

. Bridges v. Speer, Fla.1955, 79 So.2d 679.