WIGGINTON, Chief Judge.
Plaintiff seeks appellate review of a final judgment dismissing with prejudice her complaint for failure to state a cause of action.
By her complaint plaintiff seeks damages for personal injuries proximately caused by the alleged negligence of defendant in his operation of a motor vehicle owned by him in which plaintiff was riding as a passenger. The sole question presented for decision is whether the allegations of the complaint affirmatively establish that at the time and place alleged plaintiff occupied the status of a guest passenger requiring allegations and proof of gross negligence by defendant as a prerequisite to recovery.
In summary, the complaint alleges that prior to the happening of the events which gave rise to the cause of action sued upon, plaintiff and one Lula Smith were co-employees of a corporation operating in Duval County when they received orders from their employer to proceed to Orlando for the purpose of attending a regional meeting to be held in that city; that both plaintiff and her co-worker were to be reimbursed by the company for the expense of their trip, and they agreed to drive to Orlando together in a vehicle to be supplied by Lula Smith; that on the day in question defendant, the husband of Lula Smith, was the owner of and driving the vehicle in which plaintiff and defendant’s wife were passengers enroute to the meeting in Orlando; that in the course of the journey defendant negligently operated or maintained his vehicle so as to cause it to leave the road and collide with a culvert or other impediment off the highway, as a proximate result of which • plaintiff suffered personal injuries for which she claims damages; that at the time and place of the accident defendant was not an employee of but was the gratuitous agent of plaintiff’s employer and/or the agent or employee of his wife, plaintiff’s co-worker, the latter being on a joint venture with plaintiff; that subsequent to the accident defendant’s wife was paid mileage for the aborted journey by her employer, which amount she paid or should have paid to defendant for driving her and plaintiff in his vehicle on the day the accident occurred.
By its judgment of dismissal the trial court found and concluded that the complaint affirmatively alleges at the time and place in question plaintiff was riding as a guest passenger in the vehicle owned and operated by defendant but fails to allege gross negligence by defendant in the operation of his vehicle, which allegations are a necessary requirement for the statement of a cause of action entitling plaintiff to the relief prayed.
The complaint alleges without ambiguity or dispute that at the time of the collision which resulted in the injuries suffered by plaintiff she was being transported by the owner and operator of a motor vehicle as a passenger, without payment for such transportation. Such allegations clearly establish plaintiff’s status as that of a guest passenger within the purview of the statute fixing the liability of the owner or operator of a motor vehicle, which is as follows:
“No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, * * [1]
By her brief, and in oral argument before the court, plaintiff concedes that she was not a fare-paying passenger in defendant’s vehicle at the time of the collision, and there is no contention that the *15 accident was caused by the gross negligence or willful or wanton misconduct of defendant in the operation of his vehicle. She does insist, however, that her complaint sufficiently alleges that at the time of the collision defendant was a gratuitous agent of her employer or, in the alternative, he was the agent or employee of plaintiff’s co-worker with whom plaintiff was on a joint venture at the time of the accident, and that because of such legal relationship then existing between plaintiff and defendant she is entitled to recover her damages upon proof of simple negligence as alleged in her complaint.
It is the position of defendant, and the trial court apparently so found, that the complaint fails to allege sufficient ultimate facts either to constitute defendant as a gratuitous agent of plaintiff’s employer or as the agent or employee of plaintiff’s coworker, or to establish that plaintiff and her co-worker were on a joint venture at the time the damages claimed were sustained.
Under our rules of pleading, in order for a complaint to state a cause of action, it must contain a short and plain statement of the ultimate facts showing that the pleader is entitled to the relief prayed.[2] We agree with appellee that the unsupported averments of the complaint which charge that in transporting plaintiff from Duval County to Orlando on the day in question defendant was a gratuitous agent of plaintiff’s employer, or the agent of plaintiff’s co-worker with whom plaintiff was engaged in a joint venture, are not sufficient as a matter of pleading to allege a principal-agent relationship between defendant and plaintiff’s employer or co-worker. Such averments constitute nothing more than legal conclusions unsupported by the ultimate facts on which they are based.[3] Even should the complaint be considered sufficient to allege a principal-agent relationship between defendant and appellant’s employer giving rise to a cause of action against the principal based on simple negligence, such relationship would not be sufficient to divest defendant of the protection of the guest passenger statute, or to permit plaintiff to recover the damages claimed in this suit against defendant alone upon proof of simple negligence. This question was raised and resolved adversely to plaintiff by the decision of this court rendered in the case of Brown v. Killinger [4] in which we said:
“ * * * While the doctrine of re-spondeat superior may operate to make a principal liable for the acts of his agent within the scope of the agency, the doctrine does not operate in reverse and remove from an uncompensated agent, whose relationship arose solely by operation of law, the protection of the Guest Statute.
‡ % ‡ ‡ ^
“The import of our decision is to hold that the rule of law which imposes vicarious liability upon a principal for the tortuous acts of its agent is not necessarily the rule of law which determines the liability of the agent for the tortuous act in question. Because of this principle the rule of law which would subject the plaintiff’s employer to liability upon proof of an act of simple negligence committed by Mrs. Killinger while acting as an agent for the employer is not necessarily the rule of law which determines the liability of Mrs. Killinger for the tortuous act committed by her. Having been sued in her individual capacity for the negligent operation of her motor vehicle, Mrs. Killinger is clearly entitled to the protection of the Guest Statute, and her liability may be established only by proof of acts constituting gross negligence.”
*16 For the reasons above stated and the authorities cited herein, we hold that the second amended complaint filed by plaintiff failed to state a cause of action, and that the court did not err in dismissing it with prejudice. The judgment appealed is affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Section 320.59, Florida Statutes, F.S.A.

. Rule 1.110, R.C.P., 30 F.S.A.

. Doyle v. Flex, (Fla.App.1968) 210 So.2d 493; Kislak v. Kreedian, (Fla.1957) 95 So.2d 510.

.Brown v. Killinger, (Fla.App.1962) 146 So.2d 124, 129, 130.