CROSS, Chief Judge.
Plaintiff-appellant, Alice M. Rudolph, a guest passenger in an automobile owned and operated by the defendant-appellee, Alice Morgan, appeals a summary final judgment entered in favor of the defendant in an action for damages for personal injuries sustained as a result of an automobile accident. We reverse.
The plaintiff, Alice M. Rudolph, was a passenger in a car being driven by the defendant, Alice Morgan, who was proceeding north on Federal Highway in Deerfield Beach, Florida. At the intersection of Federal Highway and Hillsboro Boulevard traffic is regulated by signals. At this point Federal Highway is a four-lane divided highway, running north and south with additional storage or left-turn lanes for traffic wishing to turn west and east. Hills-boro Boulevard is a two-lane road running east and west. As the defendant’s vehicle approached the intersection from the south, she pulled into the left-turn lane in an attempt to travel west, at which time she had a full green light which controlled her path of travel. Also at the same time, in the left-turn lane of southbound traffic was a truck whose driver was intent on turning east. The truck obscured the defendant’s vision of the oncoming southbound traffic. The defendant, notwithstanding her vision being obscured, commenced to make a left turn across the southbound lanes of Federal Highway, whereupon the defendant’s vehicle was struck by an oncoming southbound vehicle. The accident resulted in physical injuries to the plaintiff.
Thereafter plaintiff brought this action against her daughter, the defendant, Alice Morgan, alleging gross negligence, and against the owner and operator of the other vehicle involved in the accident, alleging simple negligence against that party.
The defendant, Alice Morgan, after answering plaintiff’s complaint filed motion for summary judgment, asserting that upon the pleadings, depositions, interrogatories and answers thereto there was no genuine issue as to any material fact, and the defendant was entitled to a judgment in her favor on the issue of liability as a matter of law. The trial court granted the motion, holding as a matter of law that the defendant’s conduct fell far short of that course *123 of conduct sufficient to establish or from which a jury could infer gross negligence. Final summary judgment was entered for the defendant; hence, this appeal.
The question of what constitutes gross negligence or willful and wanton misconduct of the owner or operator of a motor vehicle has been before the courts of this state many times. Few statutes in the history of Florida have been the subject of so much litigation as has F.S. Section 320.59, F.S.A.,[1] known as the “guest statute.” This multitude of litigation bottoms its existence upon the difficulty of framing a definition of the statutory words “gross negligence” that would cover all of the limitless sets of facts involved in automobile collision. The most scholarly and helpful definition can be found in the case of Carraway v. Revell Motor Company, Fla.1959, 116 So.2d 16,
“We think the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent, or ‘clear and present’ that negligence is gross, whereas other negligence would be simple negligence.”
As a further guide, in Dexter v. Green, Fla.1951, 55 So.2d 548, the Florida Supreme Court stated that gross negligence or any degree of negligence may be determined by the consequences of one’s conduct as well as the conduct itself.
In the instant case, the accident occurred on a heavily travelled highway located in one of the most populated counties in the state. The defendant attempted a left turn from a main artery highway while her vision was obscured from seeing southbound vehicle traffic by a truck stopped in a southbound lane. The defendant made this turn notwithstanding the fact that she could not see southbound traffic; she never ascertained whether the turn could be made in a reasonably safe condition without injury to persons or property.
It appears elementary to us that when one operates a motor vehicle and approaches an intersection which is heavily travelled, faced with the problem confronting the defendant, i. e., obstructed vision of traffic traveling in the southbound lanes, and notwithstanding this impediment, executes a lefthand turn into the path of southbound vehicles, a jury could find that a reasonable and prudent person would know that such conduct would probably and most likely result in injury to persons or property.
It should also be noted that our guest statute, F.S. § 320.59, F.S.A., provides that “the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, *124 and the issue or question of assumed risk, shall in all such cases be solely for the jury * * * ”
While we can perceive factual situations wherein the defendant’s conduct would fall short of being gross negligence and summary final judgment may be properly entered, upon the facts presented in this case we cannot summarily state that as a matter of law the conduct of the defendant, Alice Morgan, was not that which a reasonable or prudent person would know would probably and most likely result in injury to persons or property.
The question of gross negligence in doubtful cases, such as the case at bar, is rightfully within the province of the jury to determine.
Accordingly, the order appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
REED, J., concurs.
ADAMS, ALTO (Ret.), Associate Judge, dissents, with opinion.

. 320.59 Liability to guest or passenger. —No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.