CHARLES CARROLL, Judge.
These consolidated appeals arose from judgments entered on jury verdicts on trial of issues raised by the pleadings in an action for damages which resulted from an automobile accident.
An amended complaint was filed by Jan Denise Bankston, a minor, through her father Howard Bankston as next friend, and by the latter individually, against the Equipment Leasing Corp. of South Carolina, Thomas Ah' Conditioning and Refrigeration Co., Inc., William J. Thompson, John Thomas and Barbara Lee Byrd *273 Thomas, his wife. The plaintiff Jan Bank-ston was a passenger in an automobile allegedly owned by the Thomas Air Conditioning Company or John Thomas and driven by his wife, the defendant Barbara Thomas, with such owner’s knowledge and consent. The other automobile involved was alleged to be owned by the defendant Equipment Leasing Corp. of South Carolina and to have been driven with its knowledge and consent by the defendant William Thompson.
Plaintiff charged her host driver, Barbara Thomas, with gross negligence, and charged the defendant driver of the other car, William Thompson, with negligence, and alleged that the combined negligence of the said defendants proximately caused the plaintiff’s injuries, and the derivative damages sustained by the minor plaintiff’s father.
The answer of the defendant Equipment Leasing Corp. of South Carolina admitted ownership of the vehicle which was being driven by William J. Thompson, but denied it was so driven with its knowledge and consent. The defendant driver William J. Thompson answered, denying negligence.
After further amendment of the complaint, relating to the claim of gross negligence, answer was filed by the defendants Thomas Air Conditioning and Refrigeration Co., Inc., John Thomas and Barbara Thomas, denying the allegations of the complaint, relating to them, and pleading that the plaintiff Jan Bankston was guilty of contributory negligence and assumption of risk, and that her father, the plaintiff Howard Bankston, was guilty of negligence which caused or contributed proximately to cause the accident in question.
The defendants John Thomas and Barbara Thomas filed a cross-complaint against Equipment Leasing (alleged to be the owner of the second automobile) and William J, Thompson (the driver thereof) for damages for personal injuries received by Barbara Thomas and for derivative damages of John Thomas, charging such injuries and damages were caused by negligence of the driver Thompson. The defendants Equipment Leasing and Thompson separately answered the cross-complaint, denying liability on the basis alleged and pleading contributory negligence of the cross-claimant driver Barbara Thomas.
The cause was tried before a jury. On the cross-complaint filed by the Thomases against Equipment Leasing and Thompson, recovery was denied by a verdict rendered in favor of the cross-defendants. A separate judgment was entered on that verdict, from which the Thomases filed appeal No. 69-426.
A verdict was rendered in favor of the plaintiff Jan Denise Bankston in the amount of $30,000 and in favor of the plaintiff Howard Bankston in the amount of $5,000, and judgment therefor was entered against the defendants Thomas Air Conditioning and Refrigeration Company, Inc., John Thomas and Barbara Lee Byrd Thomas. Appeal No. 69-396 was filed by those defendants from that judgment.
Motion for new trial and other post trial motions were heard and disposed of by the court by an order dated April 19, 1969. Thereby the motions for new trial and for judgment notwithstanding the verdict were denied. That order also provided for reduction of the Bankston judgment by $10,000 in recognition of a settlement in that amount which had been effected with the defendants Equipment Leasing Corp. and Thompson prior to trial. Appeal No. 69-397 was filed from that order by the defendants Thomas Air Conditioning and Refrigeration Co., Inc., John Thomas and Barbara Thomas, and thereafter another notice of appeal was filed to said order (No. 69-427) by John Thomas and Barbara Thomas.
An amended final decree was entered on May 6, 1969, which revised the judgment in favor of the plaintiff Jan Denise Bank-ston against Thomas Air Conditioning and Refrigeration Co., Inc., John Thomas and Barbara Lee Byrd Thomas from $30,000 *274 as initially awarded to $20,000, pursuant to the prior order relating thereto. Those defendants appealed from that judgment, by appeal No. 69-398. Plaintiffs cross-appealed the reduction of the judgment.
Dealing first with the cross-appeal just mentioned, we find no error in the order and judgment of the court so reducing the judgment which was awarded to the plaintiff Jan Denise Bankston. In dealing with the matter in the order of April 19, 1969, the trial court said:
“That the demand for set-off should be granted for the reasons that the Court must construe the agreement between the plaintiffs and Thompson and Equipment Leasing Corp., as a release notwithstanding the name given to the same by the parties to that contract; that, to hold otherwise, would, in effect, allow the plaintiffs to recover a sum greater than the amount of damages found to be due by the verdict of the jury; that the set-off shall be in the amount paid by Thompson and Equipment Leasing Corp., to-wit: $10,000.00.”
The plaintiffs settled with Equipment Leasing and. Thompson upon receiving from Equipment Leasing the sum of $10,000, and dismissed those defendants from the cause prior to trial. By virtue of § 768.041 Fla.Stat., F.S.A., regardless of the name or term by which the parties designated the agreement, inasmuch as it operated as a settlement of the claim and a release of said defendants from liability the trial court was eminently correct in applying it in reduction of the judgment rendered on trial. See Ellingston v. Willis, Fla.App.1964, 170 So.2d 311, 316. The case of Booth v. Mary Carter Paint Co., Fla.App.1967, 202 So.2d 8, relied on by the cross appellants is distinguishable on the facts.
On considering the merits of the appeal of Thomas Air Conditioning and Refrigeration Co., Inc. and John and Barbara Thomas from the judgment for the plaintiffs, predicated on gross negligence of the defendant host driver Barbara Thomas, we find no reversible error and affirm. In seeking reversal thereof those defendants contended that the evidence presented was insufficient to support a verdict of gross negligence under the guest statute, § 320.-59 Fla.Stat., F.S.A. Without undertaking to detail the facts, we conclude from examination of the record that the actions of the defendant driver in the circumstances prevailing as shown in the evidence were such as to justify the trial court in submitting the issue of gross negligence to the jury. See Carraway v. Revell, Fla.1959, 116 So.2d 16; Webster v. Kemp, Fla.1964, 164 So.2d 814; Richardson v. Sams, Fla.App.1964, 166 So.2d 468; Rudolph v. Morgan, Fla.App.1969, 228 So.2d 121.
The appellants’ contention that the jury was not properly or sufficiently instructed on the law with reference to gross negligence in such case by giving the applicable recommended charge No. 4.2 of 'Florida Standard Jury Instructions, relating to gross negligence under the guest statute, is without merit. Brastrom v. Grider, Fla.App.1968, 215 So.2d 501, is in point. See also Florida East Coast Railway Co. v. McKinney, Fla.App.1969, 227 So.2d 99.
We find no merit in the appellants’ contention that the trial court committed error in denying their motion for mistrial, where counsel for the defendant Thompson stated before the jury that Thompson had not been charged with a traffic offense in connection with the accident in question.[1]
In rejecting that contention on motion for new trial the court said: “That reference to the traffic court proceedings was initiated by the complaining defendants and *275 they cannot complain of their own error.” In so ruling the trial court was correct.
The remark objected to at the tiral was justified because from the reference to such proceedings made by other defendants it could have been inferred that Thompson had been charged with a traffic infraction in the traffic court. That claimed error of the trial court was the ground on which the air conditioning company and John and Barbara Thomas sought reversal, by their appeal No. 69-426, of the judgment entered on the verdict adverse to them on their cross-claim against Equipment Leasing and Thompson.
No reversible error having been demonstrated therein, we affirm the judgments challenged by the said above numbered appeals.
Affirmed.

. The presence at the trial of the defendant Thompson, notwithstanding the prior settlement of the plaintiffs with Thompson and Leasing Equipment, was because of the continued pendency against said defendants of the cross-claim of the Thomases.