Martin J. CARIGLIA, a minor, by and through his father and next friend, Martin M. Cariglia, et al., Plaintiffs-Appellants,

v.

SOUTHEAST CHRYSLER–PLYMOUTH, INC., et al., Defendants-Appellees.

No. 71–2855.

United States Court of Appeals, Fifth Circuit.

May 15, 1972.

Sams, Anderson, Alper, Spencer & Post, Frank Pridgen, Miami, Fla., Duane Anderson, Miami, Fla., for plaintiffs-appellants.

Carey, Dwyer, Austin, Cole & Selwood, Stephens, Magill, Thornton & Sevier, Edward L. Magill, Miami, Fla., for defendants-appellees.

Before PHILLIPS,* THORNBERRY and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

On February 15, 1970, Perry Cariglia was killed and plaintiff Martin J. Cariglia was injured in a head-on automobile collision in Pembroke Pines, Florida. Plaintiff Martin M. Cariglia brings this suit as best friend of his son Martin and as administrator and surviving father of Perry. At the time of the accident, the boys were passengers in an automobile owned by defendant Southeast Chrysler-Plymouth, Incorporated (Southeast) and driven by defendant Armenti with the knowledge and consent of Southeast.

The district court dismissed plaintiff's action with prejudice for failure to state a claim under the Florida Guest Statute, Fla.Stat. § 320.59, F.S. A.,[1] since repealed,[2] which prohibited recovery by guests for injuries caused by anything less than "gross negligence or willful and wanton misconduct." Gross negligence is defined by Florida courts as a failure to use reasonable care under circumstances in which it is most likely and probable that injury will result. See Ling v. Edenfield, 5th Cir. 1954, 211 F.2d 705; Bridges v. Speer, 79 So.2d 679 (Fla.1955); Hellweg v. Holmquist, 203 So.2d 209 (Fla.App. 1967). The only issue on appeal is whether plaintiff's complaint alleged

---

* Of the Tenth Circuit, sitting by designation.

1. The statute provides as follows:

    No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state.
    Fla.Stat. § 320.59, F.S.A.

2. Chapter 72–1, Fla.Laws, Acts of 1972 (approved February 14, 1972).

sufficient matter as to raise a possible jury issue of gross negligence.

Plaintiff's complaint, stated with the broadest possible construction, is as follows. Defendant Armenti was driving a vehicle with which she was unfamiliar over a narrow road bordered by soft, steeply sloping shoulders in the nighttime at a speed grossly in excess of the lawful limit. Having placed herself and her passengers in this already precarious situation, she then took her eyes off the road, permitting her vehicle to leave the paved surface of the road. Failing to take any care whatsoever to bring the vehicle under control, she then caused or permitted it to travel out of control off the pavement a distance of 800 feet. Finally, by virtue of her continuing failure to control the vehicle, she caused or permitted it to come back upon the paved surface of the highway, cross the center line, and strike another vehicle head on.

Defendant cites many cases denying liability on the basis of gross negligence which involve one or more of the facts alleged here. See Farrey v. Bettendorf, 96 So.2d 889 (Fla.1957) (momentary sight diversion); Bolick v. Sperry, 88 So.2d 495 (Fla.1956) (excessive speed); Orme v. Burr, 157 Fla. 378, 25 So.2d 870 (1946) (excessive speed); Godwin v. Ringley, 126 So.2d 163 (Fla.App.1960) (unfamiliarity with vehicle); Wilson v. Eagle, 120 So.2d 207 (Fla.App.1960) (allowing vehicle to leave pavement); Le Fevre v. Bear, 113 So.2d 390 (Fla.App. 1959) (leaving pavement). No case has been cited, however, denying liability wherein the totality of conduct charged here was alleged.

In Carraway v. Revell, 116 So.2d 16 (Fla.1959), the Florida Supreme Court acknowledged the difficulty of defining gross negligence with any particularity. The court did, however, provide a definition which is helpful in determining whether the facts of a particular case are sufficient to charge a defendant with gross negligence.

We hold that a guest under the statute may not lawfully recover from an owner or operator of a vehicle for simple or ordinary negligence; that he may recover for gross negligence which is that kind or degree of negligence which lies in the area *between* ordinary negligence and wilful and wanton misconduct sufficient to support a judgment for exemplary or punitive damages or a conviction for manslaughter. *In doubtful cases, the question of whether such negligence is ordinary or gross is, as we have heretofore held, one which under appropriate instructions should be submitted to the jury.*

116 So.2d at 22 (emphasis added).

█ █ In essence, plaintiff here has alleged excessive speed, impaired visibility, dangerous highway conditions, inattention, lack of familiarity with the vehicle by defendant, loss of control, and a failure to regain control for a distance of 800 feet. The jury, upon trial of the cause, would be permitted to consider the entire course of conduct and not just each individual act standing alone. See Hellweg v. Holmquist, *supra.* Applying the Florida law stated above to the facts of the instant case, it is clear that, if all the facts alleged be proven, reasonable men might differ as to whether defendant was guilty of gross negligence. The complaint, therefore, states a cause of action for gross negligence under the guest statute. See Webster v. Kemp, 164 So.2d 814 (Fla. 1964); Richardson v. Sams, 166 So.2d 468 (Fla.App.1964).

Accordingly, we reverse and remand to the district court for further proceedings in light of the principles herein enunciated.