MANN, Judge.
The sufficiency of a complaint alleging gross negligence is the only question here. We think the motion to dismiss the complaint was improperly granted.
Plaintiff was a passenger in defendant’s car. She alleges that his gross negligence consisted in failing to maintain a proper lookout for oncoming traffic, driving his automobile directly into the path of another car and colliding with it, and by driving when under the influence of alcoholic beverages to the extent that his normal faculties were impaired. Defendant attempted to make a left turn at a time when an automobile coming toward him imposed an *459 obvious obligation to yield the right-of-way.
It is a long way from complaint to judgment, but the Florida cases indicate that there is enough alleged in this brief complaint to survive a motion to dismiss. The case is quite similar to Bochiaro v. Bochiaro, Fla.App.4th 1968, 212 So.2d 882, both factually and procedurally. Lockridge v. Dial, Fla.App.4th 1968, 208 So.2d 662, was a reversal of an order granting motion to dismiss. Summary judgments prematurely entered were reversed in Hodges v. Helm, Fla.1969, 222 So.2d 418; Hellweg v. Holmquist, Fla.App.4th 1967, 203 So.2d 209; and Rudolph v. Morgan, Fla.App.4th 1969, 228 So.2d 121. In Bell v. Gray, Fla.App.1st 1969, 220 So.2d 446, a summary judgment for defendant was upheld on undisputed facts which are not set forth in the opinion. In Cocoris v. Smith, Fla.App.1st 1969, 221 So.2d 13, it is conceded that gross negligence was not alleged, and the only question on appeal was whether the plaintiff was a guest passenger within the meaning of the statute in the light of the facts pleaded. It was held that she was. In Frank v. Lurie, Fla.App.2d 1963, 157 So.2d 431, a final judgment dismissing the complaint was affirmed, but the negligent acts alleged were not as sufficiently indicative of gross negligence as are those in the case at bar. In Carraway v. Revell, Fla.1959, 116 So.2d 16, the correctness of an instruction given at the close of the jury trial was in question. In Parsons v. Reyes, Fla. 1970, 238 So.2d 561, and Cormier v. Williams, 1941, 148 Fla. 201, 4 So.2d 525, judgments for plaintiffs were affirmed. In Glaab v. Caudill, Fla.App.2d 1970, 236 So.2d 180, a directed verdict for the defendants at the close of a jury trial was reversed. The learning of these cases may become relevant as the instant case progresses. They ,are plainly not relevant at the pleading stage. We have thus found in the cases cited by Chief Judge Pierce only one case in the same procedural posture, but whose facts are distinguishable. We have found no dictum in the other cases which militates against the sufficiency of the complaint in this case.
Accordingly, the order dismissing the complaint is
Reversed and remanded for further proceedings consistent with this opinion.
LILES, J., concurs.
PIERCE, C. J., dissents with opinion.