326 So.2d 52 (1976)
Harriet W. LEIB, As the Duly Appointed Administratrix of the Estate of Lester Lelb, Deceased, Appellant,
v.
CITY OF TAMPA, Appellee.
No. 75-177.
District Court of Appeal of Florida, Second District.
January 30, 1976.
Arnold D. Levine and Rick B. Levinson, of Levine, Freedman & Hirsch, Tampa, for appellant.
William T. Keen, Tampa, for appellee.
SCHEB, Judge.
Appellant/plaintiff contends the trial court erred in awarding the defendant/appellee a summary judgment upon finding the design of an intersection maintained by the City of Tampa was not in any way a proximate cause of an accident which occurred involving the plaintiff's decedent, Lester Leib. We agree with the plaintiff and we reverse.
Brorein Street runs east and west and intersects with Franklin Street which runs *53 north and south in downtown Tampa. The intersection is controlled by appropriate traffic signals. Brorein Street to the west of Franklin Street is offset to the south so that vehicles proceeding easterly on Brorein must veer left to continue on course through the intersection; otherwise, such traffic risks running into those vehicles headed north on Franklin but stopped there for the red traffic signal.
On December 28, 1972, the plaintiff's decedent Leib, while driving north on Franklin Street had stopped his car for the red signal light. Although his automobile was stopped behind the stop bar painted on the street, it nevertheless protruded into the eastbound lane of Brorein Street. At that time an automobile being driven east on Brorein by Glenn Ellis Shell came through the intersection at a very high rate of speed. Shell failed to veer to the left and crashed into Leib's vehicle, killing both himself and Leib.
In this action the plaintiff alleged the defendant City was negligent in failing to properly warn motorists on Franklin Street to stop their vehicles in such a position so as not to allow them to protrude into the path of Brorein Street. Plaintiff's further allegations likewise proceeded on the theory the defendant City was negligent in other aspects of its design, construction and maintenance of the street.
The trial court entered a summary judgment for the defendant, finding:
In view of the fact that one eyewitness to this accident places the speed of the car that crashed into the Leib vehicle at between 80 and 90 miles per hour and a second eyewitness placed the speed of the same automobile at definitely over 60 miles per hour and it being uncontroverted that the intersection where this accident occurred is in downtown Tampa, this Court finds as a matter of law that the sole proximate cause of this accident was the grossly negligent operation of the Rambler automobile by deceased, Glenn Ellis Shell, and that the design of the intersection in question was not in any way a proximate cause of the happening of this accident.
Affidavits were filed by the plaintiff in opposition to the defendant's motion for summary judgment and included: (1) a photo of the intersection showing that an automobile headed north on Franklin and stopped for the red light behind the stop bar would protrude into the path of the traffic lanes on Brorein; and (2) statement of a consulting engineer and traffic planner who, after inspecting the intersection, opined that it was negligently designed and maintained.
Entry of the summary judgment was improper. Here there was evidence of improper design of the intersection, and irrespective of whether Shell's alleged negligence was a proximate cause, there was a factual dispute as to whether there was also negligence on the part of the City and, if so, whether the City's negligence was so related as to be a contributing proximate cause to this traffic accident. Ordinarily the issue of proximate cause is inappropriate for determination by summary judgment since the question generally must be resolved by the trier of fact from all of the facts and circumstances in a particular case. Hellweg v. Holmquist, Fla.App.4th 1967, 203 So.2d 209. Even if Shell's act of driving through downtown Tampa at a high rate of speed is regarded as an intervening cause of the accident, the first wrongdoer may still be held liable if such an intervening cause was foreseen or reasonably might have been foreseen by the original wrongdoer. 23 Fla.Jur., Negligence, § 39. And, even where the precise intervening force is not foreseeable, the original wrongdoer may be held liable where the harm caused by the intervening force was a reasonably foreseeable consequence. Mozer v. Semenza, Fla.App.3d 1965, 177 So.2d 880. See also, Standard Jury Instruction 5.1(c), Intervening Cause, and Comment 3 thereto. At this stage of *54 the proceeding we cannot say as a matter of law that the harm caused by Shell, in view of the alleged improperly designed and maintained intersection, could not have reasonably been foreseen by the City of Tampa.
Since the trier of fact may ultimately draw varied conclusions from the evidence, it cannot be said "... that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." RCP Rule 1.510. As we stated in Smith v. Avis Rent-A-Car, Fla.App.2d 1974, 297 So.2d 841, the moving party must show conclusively that no material issues remain for trial in order to prevail on a motion for summary judgment.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.[1]
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] The summary judgment in favor of the defendant City was granted below solely on the issue of proximate cause. The trial court made no determination whether the alleged negligence of the City falls under the classification of proprietary activity where historically municipalities may be held liable. Cf. Woods v. City of Palatka, Fla. 1953, 63 So.2d 636; Gordon v. City of West Palm Beach, Fla.App.4th 1975, 321 So.2d 78. While the plaintiff's pleadings were obviously tailored to fall within this category, we express no opinion as to whether the City may ultimately be held to be liable.